January Term,
1862.

Demming
v.
Weston et al.

DEMMING VS. WESTON and another.

An appeal from a justice of the peace should not be dismissed, nor the case stricken from the calendar, because the return does not contain the testimony given, or is otherwise defective.

The remedy in such case is by application to the court to direct a further or amended return.

It might constitute good ground for a continuance, that a sufficient return could not be procured before the trial.

An appeal from a justice of the peace should not be dismissed because the return was made *within* ten days after the appeal was taken. The statute is directory, and the return is good if made before the ten or after the thirty days, the parties themselves being in no fault.

Notice of trial of an appeal from a justice of the peace, given before the return of the justice has been made, is premature, and the case should be stricken from the calendar, on motion. Sec. 216, chap. 120, R. S.

An intermediate order of the court below, upon a motion to dismiss and strike a case from the calendar, is properly before this court for review, where exception was taken, and the motion and order regularly incorporated in the bill.

In an action for conversion, a finding by the judge "that the defendants converted the property" (without stating what property, to whom it belonged or its value), and his conclusion "that a judgment be entered for plaintiff for $18.50 damages, and costs," are defective and insufficient.

A very general finding may do, if it states the facts with such fullness and accuracy that this court can see that the judgment is supported by them, and it may be sufficient, perhaps, if it refers to the complaint or other pleading containing a complete statement of the facts found.

APPEAL from the Municipal Court of the City and Town of *Ripon.*

The case is stated in the opinion of the court.

*Crane & Runals*, for appellants.

*J. J. Foote*, for respondent.

May 15.

*By the Court*, DIXON, C. J. Action commenced before a justice of the peace to recover damages for the conversion of a quantity of barrel hoops, the property of the plaintiff, of the alleged value of $18.50. Oral answer, denying each and every allegation of the complaint. Judgment for the defendants before the justice, and appeal by the plaintiff to the municipal court of the city and town of Ripon. At the time of appealing, the plaintiff made oath that he had a valid claim against the defendant, as set forth in his complaint,

exceeding the sum of $15.00.   R. S., chap. 120, sec. 217.

The appeal was taken on the 27th of July, and on the same day the plaintiff gave notice of trial at the ensuing August term of the municipal court to be holden on the 5th of that month.   The justice made his return on the first day of August.   The cause being upon the calendar, the defendants moved that it be stricken off, and the appeal dismissed, among other reasons, because no return could be made by the justice until after the expiration of ten days from the time of the making and service of the affidavit and notice of the appeal, and because the testimony taken before the justice was not returned, and the return was not 'filed until within eight days before the term, and after the notice of trial was given.   The motion was denied, and the cause directed to stand for trial in its order, and exception taken by the defendants.   It was afterwards tried before the court without a jury, and judgment rendered for the plaintiff.   The finding, so far as it related to facts and conclusions of law, omitting formal parts, is in these words : " The court finds that the defendants converted the property, and that a judgment be entered for the plaintiff against the said defendants for the sum of eighteen and fifty-hundreths dollars, damages and costs."   To this the defendants excepted, as insufficient in the facts found and statements of legal conclusions.

The intermediate order, upon the motion to dismiss and strike the cause from the calendar, is properly before us for review, exception having been taken, and the motion and order regularly incorporated in the bill.   Laws of 1860, chap. 264, sec. 6.

The motion was in some respects misconceived.   If, for any reason, the return was defective, or it became necessary to have the testimony taken before the justice, sent up, that was no cause for dismissing the appeal, or striking the case from the calendar.   It might constitute good ground for a continuance, in case a sufficient return could not be procured before the trial.   The remedy was by application to the court for a farther or amended return.   R. S., chap. 120, sec. 214.

The appeal ought not to have been dismissed because the return was made within ten days after it was taken.   The

provisions of the statute upon that subject (R. S., chap. 120, sec. 212) are directory, and the return will be good if made before the ten, or after the expiration of the thirty days, the parties themselves being in no fault.

But the cause should have been stricken from the calendar. The notice of trial was premature. It is a general rule that actions cannot be noticed until they are at issue and ready for a hearing. This case is governed in part by the statute, which clearly contemplates that the notice is not to be given until after the return is made. Chap. 120, sec. 216. "If the return be made, the appeal may be brought to a hearing at a regular term of the appellate court, upon a notice by either party of not less than eight days." See *Vibbert v. Shepard, ante,* p. 106.

The finding is altogether defective. No fact whatever is found except that "the defendants converted the property," but what property, its value, and whether it belonged to the plaintiff, we are not informed with that certainty which the law requires. And the conclusion of law, if finding "that a judgment be entered for the plaintiff" can be said to be one, is very vague, and not separately stated. R. S., chap. 132, sec. 19. The facts found by the judge in such cases, are in the nature of a special verdict by the jury (9 Wis., 492), and should be stated with such fullness and accuracy that the court can see that the judgment is supported by them.

A very general finding may do, if it come within this rule, and it may be sufficient perhaps, if it refers to the complaint or other pleading containing a complete statement of the facts found. But here is nothing of the kind—neither a written statement of the facts found, nor a reference to other papers from which they can be ascertained.

The judgment must for these reasons be reversed, and the cause remanded for further proceedings according to law.