37  247
92   92

PIER vs. STORM, impleaded, etc.

PRACTICE.  (1) *Vacating judgment entered on default. Too late after one year.*  (2) *Failure to give notice of trial an irregularity not affecting jurisdiction. When notice not necessary.*  (3) *Failure of notice of application to confirm sale, irregularity not affecting jurisdiction to confirm.*  (4) *Adjournment of judicial sale, how made and what notice sufficient.*  (5) *When court may vacate sale under R. S. 1858, ch. 125, sec. 38.*  (6) *Case stated. Moving party held guilty of laches.*

1. Where the attorneys of a defendant knew that judgment was about to be entered in the action, before such entry was made, and such defendant himself knew that a judgment had been entered therein, for more than a year before he moved to vacate it: *Held*, that if the court had jurisdiction to render the judgment, the motion to vacate was *too late*.

2. Failure to give defendant notice of trial of an action for the term at which such trial is had, is only an irregularity, and does not affect the jurisdiction of the court. And where the form of the judgment was

agreed upon by the attorneys of the parties, and the judgment gave such defendant all that he claimed in his answer, *quære* whether the want of such notice could be regarded even as an irregularity.

3. In foreclosure of a mortgage of a quarter section of land, a defendant answered that he had purchased of the mortgagors the N. E. quarter of the mortgaged premises, and claimed to have it sold last. The judgment debt was made from a sale of the remainder of the premises, and such N. E. quarter was not sold; and there is no pretense that the judgment was for a larger sum than was due on the mortgage. *Held*, that the want of any notice to said defendant of the application for a confirmation of the sale did not affect the *jurisdiction* of the court to confirm it.

4. At the time fixed for a judicial sale, it may be adjourned or postponed to another time then and there specified and announced; and if notice of such adjournment is published at the foot of the original notice of sale, the fact that such further notice bears no date will not vitiate it; nor will the fact that it bears a date subsequent to the day for which the sale was previously fixed, create any presumption that the officer did not attend at the hour and place previously appointed, and then and there adjourn the sale; but the legal presumption will still be that he did so.

5. Where a party interested in a judicial sale, or his attorneys, had no actual knowledge of the sale or the confirmation thereof, until a short time before he moved to vacate the same, the court has power (under sec. 38, ch. 125, R. S.) to grant such motion, if a proper case is made therefor.

6. When this action of foreclosure was commenced, defendant S. owned the whole of the *north half* of the mortgaged premises (by purchase from the mortgagors), although in his answer he only claimed to own the northeast quarter thereof; and plaintiff and his attorneys did not know until long after the sale was confirmed, that S. desired to protect any interest in the premises other than that claimed in his answer; and there was no fraud or deceit on their part. S. neglected to attend the sale, or to ascertain afterwards how he was affected by it, until a sheriff's deed had been executed to the purchaser, and he was seeking to get possession of the land. *Held*, that this was *laches*, for which the motion of S. to vacate the sale should be denied, even if he had otherwise a meritorious claim to relief.

7. But as the only *mistake* disclosed by the record was in S.'s failure to make a full defense in his answer, and he did not ask for relief against that until it was too late to vacate the judgment; as no fraud or deception was practiced upon him; as there is no satisfactory proof that the premises were sold so far below their real value that there ought

to be a resale, and no guaranty that they would sell for any more if such resale were ordered; and as he has slept upon his rights until the time for redemption has expired, and the premises have been con-veyed to the purchaser — his remedy by motion to vacate the sale, etc., is lost.

APPEAL from the Circuit Court for *Fond du Lac* County.

This is an action commenced in 1871, to foreclose a mort-gage executed by the defendant *George Pygall,* and his wife (now deceased), to the plaintiff, on a certain quarter section of land in the county of Fond du Lac. The defendant *Storm* an-swered that, after the mortgage was executed, the mortgagors conveyed the *northeast* quarter of the quarter section to one Rapp, who conveyed the same to *Storm ;* and he demanded that, should foreclosure and sale be adjudged, the balance of the mortgaged premises should first be sold under the judg-ment.

Judgment of foreclosure was rendered in the action, October 28, 1872, which directed that the west half and the southeast quarter of the quarter section be first sold. No formal notice of the trial for the term at which such judgment was obtained, or of any subsequent proceedings in the action, was served on the attorneys of *Storm ;* but the form of the judgment was agreed upon between them and the plaintiff's attorney.

On February 10, 1873, a sale of the west half and the south-east quarter of the quarter section was made by the sheriff, pursuant to the judgment, and the sale was confirmed by the court, April 28th of the same year. The usual certificate was given by the sheriff to the purchaser at such sale, and, at the expiration of one year thereafter, the sheriff executed to him a conveyance of the premises thus sold. On the 3d of July, 1874, the defendant *Storm* obtained an order to show cause why the judgment of foreclosure, the sale, and confirmation, should not be set aside and vacated. On the hearing, affida-vits were read in support of, and in opposition to the motion. On the 9th of the same month, the court made an order setting

aside, vacating and annulling the judgment, the sale, and the order of confirmation.    From this order the plaintiff appealed.

. *Taylor & Sutherland,* for appellant, argued that *Storm's* application was barred by the statute. *Spafford v. Janesville,* 15 Wis., 477 ; *Insurance Co. v. McCormick,* 20 id., 265 ; *Scheer v. Keown,* 34 id., 349 ; *Landon v. Burke,* 33 id., 453 ; *Hartshorn v. R. R. Co.,* 23 id., 695 ; *Quaw v. Lamoraux,* 36 id., 626 ; 2 Tay. Stats., 1446, sec. 42.    Written notice is not necessary to set the statute running.    Actual notice is sufficient.    *Butler v. Mitchell,* 17 id., 58.    2. The respondent has no standing in court, because he has been injured in no substantial right. Sales will not be opened, nor judgments vacated, to correct mere irregularities in practice not affecting substantial rights. *Lloyd v. Frank,* 30 Wis., 306 ; *Warren v. Foreman,* 19 id., 35 ; *Young v. Schenck,* 22 id., 556 ; *Bean v. Fisher,* 14 id., 57 ; *Packard v. Smith,* 9 id., 184 ; *Ward v. Clark,* 6 id., 509.    When judgments are entered in accordance with the verbal agreement of the attorneys, the court will compel the parties to abide by them, and such agreement need not be in writing.    *Montgomery v. Ellis,* 6 How. Pr. 326 ; 3 Wait's Pr., 615 ; *Robbins v. Watson,* 22 How. Pr., 293 ; 2 Whittaker's Practice, 582.

*Knowles & Babcock,* for respondent, contended that the defendant *Storm* was not barred by the statute, against relief, as he had not had notice of the entry of judgment ; that of the proof shows that he had no notice ; that the sale was void by reason of want of publication of notice ; that the sale should be set aside on the affidavits of inadequacy of price ; to which last point they cited, *Collier v. Whipple,* 13 Wend., 224 ; *Requa v. Rea,* 2 Paige, 339 ; *Curtis v. Hitchcock,* 10 id., 407 ; *May v. May,* 11 id., 201 ; *Tripp v. Cook,* 26 Wend., 143 ; *Denning v. Smith,* 3 Johns. Ch., 332 ; *Powel v. Tuttle,* 3 N. Y., 396 ; *McCotter v. Jay,* 30 id., 80 ; *Strong v. Catton,* 1 Wis., 471 ; *Hill v. Hoover,* 5 id., 354.

LYON, J.    It appears by the affidavits read on the hearing

of the motion to vacate, that the attorneys of the defendant *Storm* had full knowledge that judgment was about to be entered in the action, and of the contents thereof, and that, for more than a year before the motion was made, the defendant knew that judgment had been entered therein. If the court had jurisdiction to render the judgment, it was then too late to attack it by motion. In *Loomis v. Rice*, decided herewith, some of the cases are cited in which this rule is applied. But the rule is so well settled in this state, that it is hardly necessary to cite authorities to support it. The only ground upon which it is claimed that the court had no jurisdiction to render the judgment, is the want of a notice of trial for the term at which it was rendered. At most this is a mere irregularity of practice, and not a jurisdictional defect in the proceedings. But in this case, where the form of the judgment was agreed upon by the attorneys of the respective parties, and where the judgment gave the defendant *Storm* all that he claimed in his answer, we should hesitate to hold that such want of notice was even an irregularity. It must be held that the circuit court exceeded its authority when it vacated the judgment.

The next question is, whether the court erred in setting aside the sale and the confirmation thereof.

No notice of the application for confirmation of the sale was served upon *Storm's* attorneys. It is argued that this omission renders the order of confirmation null and void. In view of the facts, that the judgment gave the defendant *Storm* all that he asked, that the forty acres which he claimed to own was not sold, and that there is no pretense that the plaintiff obtained judgment for a larger sum than was due on his mortgage, we cannot think that the want of such notice affected the jurisdiction of the court to confirm the sale.

It is claimed, also, that the sale is void by reason of an irregular postponement thereof. The mortgaged premises were advertised to be sold by the sheriff on January 25, 1873; but, there being no bidders present at the time and place so ap-

pointed, except the plaintiff, the sale was adjourned by the sheriff, at the request of the plaintiff's attorney, to February 1st, and again, for the same reason, to February 10th, when the sale was made. Due notice of the sale, and of each adjournment, was published; but the notice of the second adjournment bears date February 6th, being the day it was published. It is argued that because it was not dated February 1st, the inference necessarily is that nothing was done on that day, and hence that the notice of sale abated, and became unavailable to support the sale made on the 10th. We cannot take this view of the matter. That judicial sales may lawfully be postponed from time to time, there can be no doubt. The practice of postponing or adjourning such sales beyond the time first appointed therefor has always prevailed in this state, and to our knowledge the regularity of the practice has never been questioned. In the present case, notices of the adjournments were published with the original notice of sale, on the foot thereof, and would have been valid had they not been dated at all. The fact that one of them is dated February 6th, raises no presumption that the sheriff did not attend on the 1st, at the hour and the place appointed for the sale, and then and there adjourn the sale to the 10th. On the contrary, we think the legal presumption is that he did so. Our conclusion is, that the record shows a valid sale and confirmation.

But it does not appear that *Storm* or his attorneys actually had knowledge of such sale and confirmation, until a short time before the motion to vacate the same was made; and hence the court might lawfully grant such motion, under sec. 38, ch. 125, R. S., if a proper case is made therefor. This brings us to inquire whether the defendant *Storm* proved such a case of mistake, inadvertence, surprise or excusable neglect on his part, as would authorize the court to relieve him against the sale and confirmation.

The affidavits read on the hearing of the motion are in direct conflict on some material points. No extensive statement

of or comments upon them would be useful. They have been carefully examined, and we content ourselves with a brief statement of the material facts which we think they establish.

When the action was commenced, *Storm* was the owner of the *northwest* quarter of the mortgaged quarter section, although in his answer he only claimed to be the owner of the *northeast* quarter thereof. It was not known by plaintiff or his attorney, until long after confirmation of the sale, that *Storm* desired to protect any interest in the mortgaged premises other than that claimed in his answer. *Storm* had several interviews with plaintiff's attorney, intermediate the judgment and sale, relative to the foreclosure and *Storm's* interest therein, and was fully and honestly advised by such attorney of the exact situation of the whole matter. He was told that only enough of the mortgaged premises would be sold to pay the foreclosure judgment in full, and that if the balance of such premises sold for sufficient to pay the judgment, the *northeast* quarter thereof would not be sold, and the same would, if sold at all, be sold last. He was not deceived or misled by the plaintiff's attorney in any respect, but received from him honest advice and correct information. The proof of this is abundant. He fails in an attempt to show that such attorney assured him that only the south half of the quarter section would be sold, or that the latter said or did anything to prevent bidders attending the sale. He is chargeable with notice that the whole quarter section was liable to be sold, if necessary to satisfy the judgment. Knowing precisely the interest which he had or might have in the sale, he neglected to attend it, or to ascertain afterwards how he was affected by it, until the sheriff's deed had been executed to the purchaser at the sale, and until such purchaser was seeking to get possession of the land.

This was inexcusable laches on the part of *Storm*, and would of itself defeat his motion, even though he had proved a meritorious case for relief but for his laches. *Raymond v. Pauli*, 21 Wis., 531. But we do not think that he has proved such a

case.   He has 'failed to show that any fraud or deception was practiced upon him ; the testimony of the value of the premises is so unsatisfactory that we are quite unable to say that the same were sold for a price so far below the true value that there ought to be a resale ; and there is no guaranty that the same would sell for a dollar more were a resale ordered.

The only mistake which the record discloses was the failure of *Storm* to make a full defense in his answer ; and he did not ask to be relieved against that until more than a year had elapsed after he knew of the judgment.   It was then too late. Perhaps, if he had required the sheriff to sell the south half of the quarter section first, disclosing to him his' ownership of the northwest quarter thereof, it would have been the duty of that officer to have made the sale in that manner.   But, failing to do so, and failing also to make such requirement of the plaintiff, but sleeping upon his rights until the time of redemption has expired and the premises have been conveyed to the purchaser, it must be held that his remedy by motion to vacate and set aside the sale and subsequent proceedings, is lost.

*By the Court.*—The order appealed from is reversed.