Gorton and another vs. Bailey.

Gorton and another vs. Bailey.

Appeal from Justice's Court: Notice of Trial: Waiver. *(1) Putting case on calendar of appellate court by stipulation. (2) When case goes on calendar without notice. (3) Want of due notice of trial, how waived.*

1. On appeal from a justice's court, in a case requiring a new trial in the appellate court, if the justice's return is filed before the commencement of a term, giving the court jurisdiction, but not long enough before to enable the cause to be regularly noticed for trial at such term, it may nevertheless be put upon the calendar of the term by stipulation; and the giving and receiving of notices of trial for such term, by both parties without objection, is equivalent to such a stipulation.

2. After being thus placed upon the calendar for one term without being reached, a cause might properly be put upon the calendar of the next term, without further notice, under sec. 216, ch. 120, R. S. 1858.

3. If a cause has been improperly placed on the calendar, without having been regularly noticed, and a party, after denial of his motion to strike it from the calendar on that ground, moves its reference for trial, and goes to trial on the merits, he cannot, on appeal from the judgment, avail himself of the want of proper notice of trial, in the absence of evidence that he was in fact prejudiced thereby.

APPEAL from the County Court of *Winnebago* County. The case is thus stated by Mr. Justice TAYLOR:

" This case was originally commenced in a justice's court. After judgment for the plaintiffs in that court, they appealed to the county court of Winnebago county, making the necessary affidavit to entitle them to a new trial in such court. The return of the justice was filed with the clerk of the county court on the eighth day of February, 1878. Previous to the date of the return, both parties noticed the cause for trial at the February term of said court, which commenced on the eleventh day of February, 1878. The cause was put upon the calendar of the county court for the February term, and remained thereon during the whole of said term, but was not tried. At the May term it was put upon the calendar without being noticed by either party. The defendant moved to strike the cause from the calendar, on the ground that it had not been properly noticed for trial, either at such term or at the preceding February term. The court denied the motion, and thereafter, and at the same term, the defendant moved that the action be referred to a referee for trial, and the same was so referred. The defendant appeared before the referee and tried the case; the report of the referee was confirmed by the court, and judgment rendered in favor of the plaintiffs; and the defendant appealed from the judgment.

" The only reason assigned for the reversal of- the judgment is, that the county court erred in refusing to strike the cause from the calendar upon the defendant's motion at the May term, 1878."

The cause was submitted for the appellant on the brief of *Geo. W. Burnell.* He argued that the court erred in refusing to strike the cause from the calendar. The notice of trial, given before the justice made return to the appeal, was void. Actions cannot be noticed for trial until they are at issue and ready for hearing. Tay. Stats., 1398, § 234, and 1494, § 9; 3 Wait's Pr., 28; *Pardee v. Schenck,* 11 How. Pr., 500; *Dem-*

Gorton and another vs. Bailey.

*ming v. Weston*, 15 Wis., 236. Defendant's motion to strike the cause from the calendar was made when plaintiffs first attempted to press it for trial; the order overruling it was excepted to; and defendant went to trial only when forced to do so by the the court. In this there was no waiver. *State ex rel. Kellogg v. Gary*, 33 Wis., 93, 96. Nor was there any waiver in defendant's motion for a reference. When forced to trial, he had a right to ask that it be by the proper method.

*Moses Hooper*, for the respondents:

1. There was no error in refusing to strike the cause from the calendar at the May term. (1) Irregularity in plaintiffs' notice of trial was waived by the acts of defendant in himself giving notice of trial, filing note of issue, and causing the case to be put on the calendar. (2) By the rule of practice of the county court, the calendar is called on the first day of each term, and motions to correct it are allowed to be made at that time. By allowing this case to be called and passed without any motion to correct the calendar, at both the February and the May term, defendant waived all irregularities in notice of trial. 28 How. Pr., 394. 2. If the refusal to strike the cause from the calendar was erroneous, defendant's motion for a reference was a waiver of the error. *Lowe v. Stringham*, 14 Wis., 222, 225; *Woodruff v. Sanders*, 18 id., 162–3; *Barker v. Ins. Co.*, 24 id., 630, 636; *Blackwood v. Jones*, 27 id., 498, 500; *Douglass v. Steamship Co.*, 4 Cal., 304; *Thayer v. Dove*, 8 Blackf., 567. 3. If there was error, not waived, in refusing to strike the cause from the calendar, it did not affect any substantial right of the defendant, and, under the statute, the judgment should not be reversed on account of it. R. S., sec. 2829; *Bonnell v. Gray*, 36 Wis., 574; *Greve v. Schweitzer*, id., 554.

TAYLOR, J. The record shows that both plaintiffs and defendant noticed the cause for trial at the February term of the court, 1878, and mutually accepted service of such notice.

The cause was placed on the calendar for said term, and remained thereon without objection for the entire term. The defendant, having himself noticed the case for trial at the February term, and permitted the same to remain on the calendar for the whole of said term without moving to strike it therefrom, is, we think, estopped from now insisting that it was not regularly noticed. The return of the justice had been made and filed before the term commenced, and consequently the court had jurisdiction of the action. The only question is, whether it was properly put upon the calendar. That the case could have been properly placed upon the calendar by stipulation of the parties, there can be no doubt; and the mutual notices of trial are, we think, equivalent to such stipulation. This court has so held, under rule 11, upon the subject of putting cases upon the calendar of this court. We are inclined to hold that the case was properly placed upon the calendar for trial at the February term.

If the action was properly noticed for trial at the February term, then there was no necessity for any notice for the May term (sec. 216, ch. 120, R. S. 1858), and it was properly on the calendar for that term, and the court was right in refusing to strike it from the calendar at that term. But if this be not so, we have no doubt the defendant waived the irregularity of the notice of trial by afterwards moving a reference of the case, and going to trial before the referee upon the merits. It does not appear that the defendant was in any way prejudiced by the refusal to strike the case from the calendar. Had he been forced to trial at the May term, he might have insisted, perhaps, with some plausibility, that, relying upon the irregularity, he had not prepared for a trial upon the merits. This is the only injury he could have suffered by the refusal, and not having suffered that or any other apparent injury, his going to trial upon the merits must be considered a waiver of the irregularity, and the judgment ought not to be reversed for that cause. It is clearly one of those errors or defects in

the proceedings which should be disregarded, as provided in § 2829, R. S. 1878. *Jones v. Parish*, 1 Pin., 494; *Green v. Gilbert*, 21 Wis., 395; *Pinger v. Vanclick*, 36 Wis., 141; *Pier v. Storm*, 37 Wis., 247; *Bonnell v. Gray*, 36 Wis., 574. This case comes within the principle of the case of *Barker v. Life Ins. Co.*, 24 Wis., 635. In that case Justice PAINE says: " If a party wishes to stand upon the objection that he is not in court, he must keep out, except for the purpose of raising that question. It would give him an unjust advantage, to allow him, after such a motion had been ruled against him, to go into court for all the purposes of a trial on the merits, in which, if he [obtained a judgment, it would be valid in his favor, but in which, if the other party should obtain a judgment, and the service of process had been defective, he could inevitably reverse it upon the ground that he had never got into court at all."

The case at bar is stronger against the appellant than the one above cited. In that case the plaintiff claimed he had never been brought into court at all; in this the appellant admits he was properly in court, but that he was not properly notified of the time and place of trial. If a party cannot take advantage of an objection that the court has no jurisdiction over him, if, when such objection is ruled against him, he proceeds to trial on the merits, there does not seem to be any reason why he should be permitted to take advantage of the objection that he had not proper notice of the time and place of trial, when he afterwards goes to trial on the merits, and does not show affirmatively to the court that he was prejudiced by the irregularity. If a party, relying upon a want of proper notice of trial, had not prepared for trial, and the court, after having denied his motion to strike the same from the calendar for that cause, had forced him to trial without giving time for preparation, we are not prepared to say that the irregularity would be waived by the fact that such party had proceeded to try the case on the merits. This case presents no such circumstances.

It presents in fact no stronger case in favor of the defendant than would have been presented had the court continued the action on his motion, after the motion to strike from the calendar had been denied, and the case had been properly noticed and tried at a subsequent term. In such case there would clearly be no reason for reversing the judgment.

The case of *Demming v. Weston*, 15 Wis., 236, is not in conflict with the foregoing opinion. In that case, it appears, there was a motion to strike the case from the calendar because the same had not been properly noticed; and it also appears that the case was tried at the same term at which such motion was made. It does not, however, appear from the statement of the case, that the defendant took part in the trial on the merits, after his motion to dismiss was denied. The case had not been noticed by the defendant, and had been irregularly noticed by the plaintiff. So that the question whether the defendant had waived the irregularity by noticing the case himself, was not in the case. There does not seem to have been any point made, that the irregularity was waived by going to trial on the merits after the motion was overruled. All that is said on the subject by the late Chief Justice DIXON, who delivered the opinion, is, that a notice of trial in a case which has been appealed from a justice's court cannot regularly be given until after the return of the justice is filed with the clerk of the appellate court, and for that reason the case should have been stricken from the calendar. He then goes on to state that the findings in the case were so imperfect that no judgment could be regularly entered thereon, and the judgment is ordered reversed for the reasons stated. All that case determines is, that the plaintiff cannot regularly place a case appealed from a justice's court upon the calendar of the appellate court for trial, by a notice given before the return of the justice is filed, without the consent and against the objection of the defendant. The questions, whether it can be so put upon the calendar by the consent of the defendant, and whether such

consent waives the irregularity, are not discussed or decided; nor the question whether the defendant does not waive the irregularity if, after his motion to dismiss, he goes to trial upon the merits, at the same or some subsequent term of the court, unless he shows that he has been in fact prejudiced by such irregularity.

As the record shows that the appellant had ample opportunity to prepare for and try his case upon the merits, and did so try the same after the denial of his motion to strike the case from the calendar, the irregularity in the manner of noticing the same for trial, if there was any, was waived, and the judgment must be affirmed.

*By the Court.* — The judgment of the county court is affirmed.

RYAN, C. J., took no part.