Mills, Respondent, vs. The National Fire Insurance Company, Appellant.

*December 19, 1895 — January 7, 1896.*

*Practice: Premature notice of trial: Waiver: Continuance: Sufficiency of affidavit.*

1. The premature noticing of a case for trial is an irregularity merely, not going to the jurisdiction of the court, and is waived by going to trial on the merits.

2. An affidavit for a continuance on the ground that defendant's attorney believed that the case could not be tried at that term and had not prepared for trial, was insufficient.

APPEAL from a judgment of the circuit court for Eau Claire county: W. F. BAILEY, Circuit Judge. *Affirmed.*

This action was commenced in Eau Claire county. The circuit judge made an order, of his own motion, changing the place of trial to Chippewa county. The defendant moved the court of Chippewa county to change the place of trial back to Eau Claire county, on the ground that the place of trial had been improperly changed from that county. The motion was denied. The defendant appealed. This court reversed the order, and remanded the case with directions "to change the venue back to Eau Claire county." 88 Wis. 351. The record was remitted by this court to the circuit court for Chippewa county, November 26, 1894, without the payment of the taxable costs in this court, other than the clerk's fees. On November 28, 1894, the circuit court for Chippewa county made an order changing the place of trial to Eau Claire county, and the record was transmitted to and filed in Eau Claire county on December 6, 1894. Meantime, on November 30, 1894, before the record had been transmitted from Chippewa county, plaintiff noticed the case for trial in Eau Claire county.

The term for Eau Claire county began on December 10, 1894. On the first day of the term the plaintiff moved to put the case on the calendar for that term. Defendant resisted the motion on the ground that the notice of trial was premature, the action at the time when it was noticed for trial in Eau Claire county being still pending in Chippewa county, and the costs of the supreme court not having been paid. The objection was overruled, and the motion granted, and the cause put upon the calendar. The defendant then asked that the cause be not moved until the 12th day of December, which was granted. On the 12th day of December the case was moved for trial, when the defendant moved to strike the case from the calendar, on the same grounds upon which he had resisted the motion to place it

there. This motion was denied. Then the defendant moved for a continuance, on the ground, in substance, that its attorney believed that the case could not be tried at that term and had not prepared for trial. This motion was denied.

Then a jury was impaneled. Defendant objected to the admission of evidence under the complaint, on the ground that it did not state a cause of action. This objection was overruled. The plaintiff introduced her evidence. The defendant offered no evidence. Each party moved for the direction of a verdict in his favor. Verdict was directed in favor of the plaintiff. Defendant's motion for a new trial was overruled. Judgment for the plaintiff was entered upon the verdict, from which the defendant appeals.

For the appellant there was a brief by *V. W. James*, and oral argument by *James Wickham*. To the point that until the filing of the *remittitur* with the circuit court for Eau Claire county, that court had no jurisdiction of the cause, they cited *Trowbridge v. Sickler*, 48 Wis. 428; *Packard v. Backus*, 83 id. 213.

For the respondent there was a brief by *Doolittle & Shoemaker*, and oral argument by *L. A. Doolittle*.

NEWMAN, J. Assuming that the notice of trial was premature and irregular, it is an irregularity merely, and does not go to the jurisdiction of the court. *Pier v. Storm*, 37 Wis. 247. Such irregularity is waived if, after the objection is overruled, the party goes to trial on the merits. If he wishes to stand upon his objection, he must keep out of court for every other purpose. By taking part in the trial, the defendant waived the error of overruling his objection. *Barker v. Knickerbocker L. Ins. Co.* 24 Wis. 630; *Gorton v. Bailey*, 46 Wis. 633; *Newman v. Board*, 74 Wis. 303. The affidavit for continuance was not sufficient, under the rule, and it was not error to refuse the continuance.

*By the Court.*— The judgment of the circuit court is affirmed.