LITTLE, Respondent, vs. STAPLES, imp., Appellant.

*November 19, 1897 — February 8, 1898.*

*Pleading: Breach of contract: Several judgment against person sued as jointly liable: Variance between verdict and judgment: Immaterial error.*

1. Allegations that defendants were copartners; that plaintiff had a running account with the firm; that he delivered to the firm a certificate for corporate stock, under an agreement that the dividends paid thereon should be collected and credited to him on such account; that several dividends were collected, the amount of each being specified; and that defendants thereafter refused to credit the same as agreed, or to account therefor, are *held* sufficient to state a cause of action for breach of the agreement.

2. Under sec. 2885, R. S. 1878 (providing that when it appears on the trial of an action against several defendants sought to be charged as jointly, or jointly and severally, liable, that some were liable and others not, judgment may be rendered against either or any of the defendants found liable), a judgment may be rendered against one of several defendants sued as copartners, notwithstanding the entire failure of proof as to a partnership liability.

3. An error in such case in rendering a verdict in form against all the defendants and entering judgment against one defendant in accordance with the undisputed facts, did not affect substantial rights, and is therefore disregarded, under sec. 2829, R. S. 1878.

APPEAL from a judgment of the circuit court for St. Croix county: E. B. BUNDY, Circuit Judge. *Affirmed.*

Action to recover of the defendants as copartners, $913.31, alleged to have been collected by defendants for plaintiff as and for dividends on fifteen shares of corporation stock, together with the interest on such sum from the time so collected. None of the defendants were served or appeared in the action, except *Isaac Staples.* He answered denying the allegations of the complaint as to the partnership, also the allegations in respect to the agreement to collect dividends for plaintiff, and that dividends were collected and not paid or accounted for. At the close of plaintiff's evidence there was a motion for a nonsuit on the ground that there was no proof of the partnership. The motion was denied. At the close of the evidence it appeared that R. Hersey, named as defendant, was not a member of the firm of Hersey, Staples & Bean, but that there was such a firm, and that Samuel R. Hersey was a member thereof, instead of R. Hersey; that Samuel R. died; and that the partnership was dissolved before the commencement of the action. On motion the court allowed the complaint to be amended accordingly, and then directed a verdict in plaintiff's favor generally, for dividends which the evidence showed were collected on plaintiff's stock and not accounted for, with interest thereon. Judgment was thereafter rendered against *Isaac Staples* alone, from which this appeal was taken.

For the appellant there were briefs by *S. J. Bradford* and *Clapp & Macartney,* and oral argument by *N. H. Clapp.*

For the respondent there was a brief by *W. F. McNally* and *S. N. Hawkins,* and oral argument by *Mr. McNally.* To the point that the entry of judgment against the appellant was proper, they cited *Van Ness v. Corkins,* 12 Wis. 186; *Decker v. Trilling,* 24 id. 610; *Smith v. Cassell,* 70 id. 567; *Harrington v. Higham,* 15 Barb. 524; *Parker v. Jackson,* 16 id. 33; *Witherhead v. Allen,* 28 id. 662; *People v.*

·*Cram,* 8 How. Pr. 151; *Benson v. Paine,* 17 id. 407; *Brumskill v. James,* 11 N. Y. 294; *McIntosh v. Ensign,* 28 id. 169; *Stedeker v. Bernard,* 102 id. 327.

The following opinion was filed December 10, 1897:

MARSHALL, J.   The complaint sufficiently alleges as facts, that in 1872 defendants were copartners under the firm name of Hersey, Staples & Bean; that plaintiff had a running account with such firm; that he delivered to the firm a certificate for fifteen shares of corporation stock, under an agreement that the dividends paid thereon should be collected and credited to the plaintiff on the books of the firm, in the running account between the parties; that several dividends were declared by the corporation and were collected on such stock (the amount of each such dividend being particularly set forth); and that defendants thereafter refused to credit the same as agreed upon, or to account therefor.   Such facts were ample to·sustain the action for damages for breach of the agreement.   So the demurrer to the complaint, as not stating facts sufficient to constitute a cause of action, was properly overruled.

The evidence shows, without dispute, that plaintiff delivered the certificate of stock to defendant *Isaac Staples;* that he agreed to collect the dividends and credit the same to plaintiff; that dividends were paid on all the stock substantially as alleged in the complaint, aggregating in all about 175 per cent. of the face value of such stock; that *Staples* accounted therefor as to ten shares of stock, but refused to account for the collections on five shares, giving as an excuse that such shares had been conveyed to Hersey, Staples & Bean.   On that state of the case the question is, Was it error to render judgment against defendant *Staples,* notwithstanding the entire failure of proof as to a partnership liability?   The appellant relies upon the rule that governs in the absence of a statute, that where a suit is brought on

a joint liability, the failure as to one defendant, in the absence of an amendment to the complaint to cure the defect, is fatal as to all. The answer to counsel's contention is, that sec. 2885, R. S. 1878, provides that, "when it shall appear on the trial of an action, on contract or tort, against several defendants, sought to be charged as jointly, *or jointly and severally, liable, that some were liable and others not, judgment may be rendered against either, or any, of the defendants found liable to the plaintiff at the commencement of the action.*" That covers the subject as plainly as language can do it, and must govern without regard to decisions of courts in jurisdictions where there is no statute.

The fact that the verdict was rendered in form against all defendants, and the judgment against *Staples* alone, is a variance that does not prejudice the appellant. The verdict should have been against *Staples* alone. The judgment was rendered in accordance with the undisputed facts. All errors not affecting substantial rights, under the statute on the subject, are disregarded, and no judgment reversed or affected by any such error. Sec. 2829, R. S. 1878. The full scope and meaning of such statute is often lost sight of by the profession, else many trifling defects that are proper subjects for amendment as of course in the trial court, and defects that do not in any way affect substantial rights, which are assigned for error and pressed upon the attention of this court with much earnestness and labor, would not be presented here at all. As said by Dixon, C. J., in *Decker v. Trilling*, 24 Wis. 610, it is a beneficent statute and cures a multitude of errors, as numerous cases in which it has been acted upon by this court will show. There a joint judgment on a several liability was held cured by the statute. In *Gorton v. Bailey*, 46 Wis. 633, a defective affidavit to a complaint upon which there was a judgment by confession, there being nothing to impeach the justice of the judgment; and in *Atkinson v. Harran*, 68 Wis. 405, a judgment for special

damages in accordance with the evidence, though not claimed in the complaint originally or by amendment in the court below; and in *Forcy v. Leonard*, 63 Wis. 353, a judgment in accordance with the proof, not following the complaint as originally drawn, and without amendment curing the defect; and in *Jackson v. State*, 91 Wis. 253, a defective instruction that did not prejudice the defendant under the facts of the case, are a few of the many instances where the court has held the defects cured by the statute.

No other question is presented, deserving of special mention. The amounts collected as dividends upon the plaintiff's stock and not accounted for, as shown by the undisputed evidence, with legal interest up to the time of the trial, appears by computation to be substantially in accordance with the verdict.

*By the Court.*— The judgment of the circuit court is affirmed.

A motion for a rehearing was denied February 8, 1898.