Hodges *v.* Adams.

---

## EDWARD F. HODGES *v.* CHARLES ADAMS.

If a promissory note be made payable to A. B. or order, and A. B. indorse the note in these words, "Pay the contents of the within note to C. D.," the legal effect will be the same, as though the note were indorsed to C. D. *or order*, and the indorsee of C. D. may maintain an action against A. B., as indorser.

The declaration in favor of a subsequent indorsee of a promissory note against the first indorser will be sufficient on demurrer, although it do not allege, that, by the terms of the defendant's indorsement, the note was ordered to be paid to his immediate indorsee, *or his order*.

ASSUMPSIT. The plaintiff alleged, in his declaration, that on the twenty seventh day of December, 1841, Benjamin Bishop executed a promissory note for two hundred and fifty dollars, made payable to the defendant, or order; that the defendant, on the same day, by his indorsement in writing, for value received, ordered the contents of the note to be paid to William P. Briggs, waiving demand and notice; that Briggs indorsed the note to the plaintiff; that the note was not paid at maturity; that the defendant thereupon became liable to pay the same to the plaintiff and in consideration thereof promised the plaintiff to pay the same to him upon request; and that the defendant had neglected to make payment, although thereto requested. To this declaration the defendant demurred.

The county court adjudged the declaration sufficient; to which decision the defendant excepted.

*C. Adams, pro se.*

There is a clear distinction between the negotiability of paper and the liability of parties upon it. The negotiability of a note may be continued, while the liability of the indorser is limited, or withheld. The note is a promise to pay, and may contain an authority to negotiate the promise; so an indorsement may contain a contract of guaranty, and this contract may be assignable; but in both cases the assignable nature of the contract must depend on the contract of the party making it. A note to A. B. is a promise of payment; but this undertaking is not assignable;—but a note to A. B. or order is an undertaking to pay A. B. or his assigns; and, on indorsement by A. B., every subsequent holder becomes his assignee. Hence in

this case the plaintiff might have sued Bishop, on the ground that it was consistent with the contract of Bishop. *Moore* v. *Manning*, Com. R. 311. *Acheson* v. *Fountain*, Str. 557. *Edie* v. *E. India Co.*, 2 Burr. 1216. The liability of the indorser is created by the contract of indorsement, and the extent of the liability must depend upon the language used. An indorsement is twofold,—a transfer of the interest of the indorser and an undertaking relative to the punctuality and ability of the maker; and hence even the same words must be construed differently, as they relate to one or the other. On a note, payable to A., or order, an indorsement "pay to B." will transfer the note to B., so that he, or those to whom he delivers it, may collect of the maker; but the guaranty of the indorser can only be enforced by the party with whom it is made, unless there are terms of negotiability in the indorsement. The case at bar is resolved into a mere bill of exchange, drawn by the defendant on Bishop in favor of Briggs.

*Briggs* and *Underwood* for plaintiff.

The principle, that an indorser cannot restrain the negotiability of a promissory note, negotiable upon its face, when he passes his whole interest to his indorsee, is, we apprehend, too well settled to be questioned. 2 Burr. 1218. 1 W. Bl. 295. Kyd on Bills 61, 64. Str. 567. *Stone* v. *Rawlinson*, Willes 559. *Vincent et al.* v. *Horlock*, 1 Camp. 442. Chit. on Bills 230. 6 Bac. Abr. 676. There are cases of restrictive indorsement; but these are exceptions to the rule; and unless the indorsement express such restriction in positive terms, the instrument passes to the indorsee with as full power farther to indorse it as his indorser had. *Edie* v. *E. India Co.*, 2 Burr. 1216. *Moore* v. *Manning*, Com. R. 311. 1 Selw. 344. *Acheson* v. *Fountain*, 1 Str. 557. *Cunliffe* v. *Whitehead*, 3 Bing. N. C. 828; 5 Scott 31. *Sigourney* v. *Lloyd*, 8 B. & C. 622; 2 M. & R. 58. 5 Bing. 525. *Treuttel* v. *Barandon*, 8 Taunt. 100. *Snee* v. *Prescott*, 1 Atk. 249. 1 Bl. R. 295. *Rice* v. *Stearns*, 3 Mass. 225. *Wilson* v. *Holmes*, 5 Mass. 543. *Russel* v. *Ball*, 2 Johns. 50. *Potts* v. *Reed*, 6 Esp. R. 57. *Haussoullier* v. *Hartsinck*, 7 T. R. 733. Had the declaration set forth the indorsement as payable to Wm. P. Briggs, or order, the note and indorsement, without the words "or order," would have been admissible in support of the declaration,

because that is the legal effect of it. *Smith* v. *McClure*, 5 East 476. *Frederick* v. *Cotton*, 2 Show. 8. *Fisher* v. *Pomfret*, 12 Mod. 125; Carth. 403. 2 Stark. Ev. 153.

The opinion of the court was delivered by

BENNETT, J. This case comes before the court upon demurrer to the declaration. It is not alleged, that the defendant, as indorser of the note, ordered its contents to be paid to Wm. P. Briggs or *his order;* and hence it is claimed in argument, that the indorsement is a restrictive one, not impowering Briggs to negotiate the note to the present plaintiff.

If the indorsement, as set up in the declaration, is to be *restricted* to Briggs, it is quite clear the plaintiff could not maintain any action against the maker of the note; and perhaps he would not stand upon any better ground, as against this defendant, as indorser. But we think the indorsement to Briggs cannot be treated as *restrictive.* The case of *Moore* v. *Manning*, Com. Rep. 311, was decided upon demurrer, and was in all points identical with the present, except in that case the action was against the maker of the note. In the case of *Acheson* v. *Fountain*, 1 Str. 557, the bill was payable to Abercrombie, or order, and indorsed thus, "Pay the contents to Louisa Acheson;" but the declaration alleged the indorsement to have been made to Acheson, or order; and it was adjudged, that there was no variance. The court said, it was declared on according to the legal effect of the indorsement, and that Acheson was authorised by it to make an indorsement over. To the same effect is the case of *Edie et al.* v. *East India Company*, 2 Burr. 1216.

The law interprets the indorsement to be in the same manner, as the note, or bill, shall have been drawn, unless restrictive words are used. If Briggs had, by virtue of the indorsement to him, the right to negotiate the note to the plaintiff, it is difficult to see why the defendant is not liable, as indorser, to the plaintiff.

It is said in argument by the defendant, that, though it may be true, that the plaintiff may maintain an action on this indorsement against the maker of the note, yet the liability of himself, as indorser, can only be enforced by Briggs, inasmuch as there are no terms of negotiability in the indorsement. The fallacy in this argument is, that the words of the indorsement are interpreted by the negotiable

character of the note, and the note, as against the maker, being negotiable, the contract between the defendant as indorser and Briggs as indorsee is equally negotiable, though it was not indorsed to him *or order.* The legal effect is the same, as if it had been so indorsed.

The judgment of the county court is affirmed,