## HILLSINGER *v.* GEORGIA RAILROAD BANK.

A certificate of deposit issued by a bank, and payable to the order of the depositor "on return of this certificate properly endorsed," is not due until payment thereof is actually demanded.

Argued May 31, — Decided July 24, 1899.

Certiorari. Before Judge Callaway. Richmond superior court. October term, 1898.

Garnishment against the Georgia Railroad Bank was issued in behalf of Hillsinger, in a suit pending in a justice's court. The bank answered, denying that it owed the defendant anything. The answer was traversed; and the case was tried by the magistrate upon an agreed statement of facts, from which it appeared that on April 19, 1898, the bank issued to the de-

fendant a certificate reciting that he had deposited in the bank a stated sum, "payable to the order of himself on return of this certificate properly endorsed"; which certificate was, on April 23, 1898, after service of the garnishment, endorsed and transferred by him, for value, to third persons, to whom the bank, before answering, paid it. Judgment was rendered against the garnishee. A certiorari was sustained, and Hillsinger excepted.

*F. W. Capers*, for plaintiff, cited: 5 Am. & Eng. Ency. of Law, 802; Civil Code, § 3700; *Hargrove* v. *Chambers*, 30 *Ga.* 589; *Cox* v. *Jones*, 52 *Ga.* 438; *Meador* v. *Bank*, 56 *Ga.* 605; *Lynch* v. *Goldsmith*, 64 *Ga.* 50.

*Bryan Cumming*, contra, cited: Civil Code, § 3700; *Mimms* v. *West*, 38 *Ga.* 18; *Burton* v. *Wynne*, 55 *Ga.* 615; *Lynch* v. *Goldsmith*, 64 *Ga.* 50; Chitty, Bills, 413; Randolph, Com. Pap. § 1107; *LaDue* v. *Bank*, 31 Minn. 33; *Pardee* v. *Fish*, 60 N. Y. 265; *Lindsay* v. *McClelland*, 18 Wis. 481, s. c. 86 Am. Dec. 786; *Birch* v. *Fisher*, 51 Mich. 38; Nat. Bank v. Washington County Bank, 5 Hun, 605; 11 Ohio St. 449.

LUMPKIN, P. J.   This case turns upon the determination of a single question, viz., whether or not a certificate of deposit issued by a bank, in the form below given, is due immediately or only upon presentation thereof at the bank with a demand for payment: "Georgia Railroad Bank.   No. 3013. Augusta, Ga., April 19th, 1898.   Arnt Anderson has deposited in this Bank Forty 00/100 Dollars, payable to the order of himself on return of this certificate properly endorsed.   Not subject to draft.   [Signed] C. G. Goodrich, Cashier."   The real inquiry is: What construction should be placed upon the words, "on return of this certificate properly endorsed"?   We think their plain meaning is, that the paper itself must be brought back to the bank and a demand made for the money; and we know this view concurs with the common course of business in such matters.   It is not contemplated, when a depositor places money in a bank and takes a certificate of this character, that the officials of the bank are to seek him out and make payment to him, but that he, or his endorsee, when payment is desired, will bring the certificate to the bank and ask for the

money. In this connection, see 1 Morse on Banks & Banking, §301. Our own case of *Lynch* v. *Goldsmith*, 64 *Ga.* 42, is not in conflict with what is here ruled. There, the certificate was payable with interest "on call," and the court held it was, "in effect, a negotiable promissory note, payable generally on demand and due immediately." This conclusion was doubtless reached upon the idea that the words "on call" were the exact equivalent of the words "on demand." It seems, however, that Bleckley, J., by whom the opinion in that case was delivered, was not entirely satisfied as to the correctness of the judgment; for, on pp. 50, 51, he said: "Having spoken thus far for the court, candor obliges me to add that since the decision was pronounced the following line of reflection has occurred to me : What is a certificate of general deposit issued by a bank? Is it not an acknowledgment of the bank that it has received a loan of money from the depositor, coupled with a promise implied, if none be expressed, that it will repay the loan *at the bank* upon *actual* demand or call, if no particular time or place be specified? Does not the known course of business require this construction, and does not the nature of the transaction suggest it? If these questions be answered in the affirmative, there is no *dishonor* of the certificate until after *actual* demand *at the bank,* and consequently not until after such demand is the paper overdue." The language just quoted is peculiarly pertinent to the question now before us; and, moreover, the distinction between that case and the present one is clear and well-marked. The requirement in the certificate for its "return" means something more than is indicated by the words "on call." A call for payment could be made by a written notice sent to the bank, or otherwise, in which event it might be incumbent upon the bank to seek out the creditor and pay him his money. But if he must return the certificate as a condition precedent to his right to demand payment thereof, it seems to follow inevitably that the instrument is not to be considered due until, in compliance with this essential prerequisite, the paper is actually returned and payment requested over the bank's counter. If the foregoing be sound reasoning, it is evident that the cases of *Morrison* v. *Morrison,* 102 *Ga.* 170,

and *Hotel Lanier Company* v. *Johnson,* 103 *Ga.* 604, are in no way applicable to the case in hand. In them this court was dealing with ordinary promissory notes payable generally "after date," and applied to them the rule which governs instruments of that character when made payable "on demand."

*Judgment affirmed. All the Justices concurring.*