MELINDA HATCH

*vs.*

FIRST NATIONAL BANK OF DEXTER.

Penobscot.    Opinion October 30, 1900.

*Bills and Notes.   Certificate of Deposit.   Negotiability.   Current Funds.*

A certificate of deposit payable in current funds to the order of the depositor on return of the certificate properly indorsed with interest at three per cent per annum, if on deposit six months, is negotiable.

The term "current funds" when used in commercial transactions as the expression of the medium of payment is construed to mean current money, or funds which are current by law as money.

Making such a certificate payable on its return properly indorsed creates no such contingency as to payment as affects its negotiability. The language used expresses no more than the law implies as the duty of the holder in the absence of any such stipulation.

The amount of payment is not rendered uncertain by such an interest clause.

If payment be demanded at any time within six months, the amount payable is certain; it is the face of the certificate.

If payment be not demanded until after six months, the amount payable is equally certain; it is the face of the certificate and interest to the time of payment. The sum payable at any given time is ascertainable upon the face of the certificate, and that is sufficient.

Exceptions do not lie to rulings that fail to raise any question of law.

ON EXCEPTIONS BY DEFENDANT.

Assumpsit upon a certificate of deposit, issued to one Olive Hodge by the defendant bank, and claimed by the plaintiff as a gift by indorsement and delivery before the death of the donor.   The case appears in the opinion.

Besides the facts stated in the opinion of the court, it appears from the bill of exceptions that the plaintiff presented the certificate at the First National Bank of Dexter on May 3d or 4th, 1897, and requested the payment of $50.00, which the cashier paid to her; but at the same time requested her to promise that she would get Olive Hodge to indorse the certificate, otherwise he would not pay

any more money on the certificate, which Mrs. Hatch the plaintiff promised to do. Subsequently, on the same day, May 4th, 1897, Olive Hodge did indorse her name on the certificate; and on the trial it was a question of dispute, between the parties, as to whether Olive Hodge at the time of her indorsement made a gift of the certificate to the plaintiff as her property,—the plaintiff contending that it was a gift to her, and the defendant contending otherwise, and that it belonged to the estate of Olive Hodge, who died July 22d, 1898.

It was admitted by both parties that her death occurred on that day and that nothing had been paid by the defendant on the certificate previous to her death, except as appears indorsed on the certificate.

Subsequently to the 22d, the day of her death, plaintiff presented the certificate to the cashier, and requested payment, to which request the cashier testified that he would pay no more on the certificate to plaintiff for the reason that he had been forbidden by Joel C. Pease, the executor of Olive Hodge's will, from paying it— that said executor claimed that it belonged to the estate of said Olive Hodge.

The defendant requested the court to instruct the jury, that if it was a mere gift made by Olive Hodge to the plaintiff in manner aforesaid, it would not authorize her, the plaintiff, to demand payment of the balance remaining unpaid represented by the certificate but still unpaid after her death. The court refused to give the instruction, to which the defendant duly excepted.

*L. B. Waldron,* for plaintiff.

*J. and J. Willis Crosby,* for defendant.

Not a negotiable instrument: Stat. 3 & 4 Anne, c. 9; *Miller* v. *Race,* 1 Smith, Lead. Cas. p. 853; Bigelow, Bills and Notes, p. 12, et seq.; *Collins* v. *Lincoln,* 11 Vt. p. 268; *Jones* v. *Fales,* 4 Mass. p. 255, et. seq.; *Joy* v. *Foss,* 8 Maine, p. 455; *Matthews* v. *Houghton,* 11 Maine, p. 377; *Dennett* v. *Goodwin,* 32 Maine, 44; *Holbrook* v. *Payne,* 151 Mass. pp. 384–5; *Whitney* v. *Eliot Nat. Bank,* 137 Mass. 351; Time of payment uncertain: *Stults* v. *Silva,* 119 Mass. 137; *Way* v. *Smith,* 111 Mass. 523; *Hubbard* v. *Mosely,* 11 Gray, 170.

Payable on condition of return of certificate indorsed.

Sum to be received by holder is uncertain: Bigelow, Bills and Notes, p. 17, and cases cited, especially *Mahoney* v. *Fitzpatrick*, 133 Mass. 151–2.

Not a perfect gift: *Fairfield Sav. Bank* v. *Small*, 90 Maine, 546, and cases.

SITTING: EMERY, WHITEHOUSE, SAVAGE, FOGLER, POWERS, JJ.

SAVAGE, J. This action is brought by the plaintiff as indorsee on a certificate of deposit of the following tenor:—

The First National Bank, Dexter, Maine, Jan. 6th, 1897.

Olive Hodge has deposited in this bank five hundred and sixty dollars payable in current. funds to the order of herself on return of this certificate properly indorsed.

Int. at 3% per annum if on deposit 6 mos.

No. 2236.                C. M. Sawyer, Cashier.

The defendant requested the presiding justice to rule, that the action could not be maintained by the plaintiff, as indorsee, for the reason that the certificate of deposit in question was not a negotiable instrument. The presiding justice declined so to rule, and the defendant excepted.

The defendant contends that the instrument is non-negotiable for three reasons: First, because it was written payable in "current funds;" secondly, because of the clause "Int. at 3% per annum, if on deposit 6 mos.;" and lastly, because of the condition of payment expressed in the words, "on return of this certificate properly indorsed."

That a certificate of deposit, as such, is a negotiable instrument is held by almost unanimous authority, 2 Daniel on Negotiable Instruments, § 1702; *Miller* v. *Austen*, 13 How. 218; and is not here denied by the learned counsel for the defendant. They only contend against certain features in the certificate before us. This court, following universal authority, has recently defined a negotiable instrument to be one which runs to order or bearer, is payable

in money, for a certain, definite sum, on demand, at sight, or in a certain time, or upon the happening of an event which must occur, and payable absolutely and not upon a contingency. *Roads* v. *Webb*, 91 Maine, 406. If the certificate in question does not conform to these requirements, it must be held to be non-negotiable.

The first objection is that it is not made payable in "money," that "current funds", in which it is made payable, should not be judicially interpreted to mean "money." We do not think this contention should prevail. This subject has been discussed exhaustively by many courts, and the conclusions they have reached on the one side and the other are not in harmony. But we think that the modern and better doctrine is that the term "current funds" when used in commercial transactions as the expression of the medium of payment should be construed to mean current money, funds which are current by law as money, and that when thus construed, a certificate of deposit payable in current funds, is in this respect, negotiable. It is well known that certificates of deposit are commonly made payable in "currency" or in "current funds," and we believe that the interpretation we have given is in accord with the universal understanding of parties giving and receiving these instruments, an understanding which we should resort to as an aid to interpretation, unless the words themselves fairly import some other meaning. Some courts hold that evidence may be received to show the meaning of the terms "currency", "current funds." But, in the absence of evidence, these courts come to opposite conclusions. For instance, in Iowa, the court holds that notes payable in currency are prima facie non-negotiable, but that evidence may be received to prove that the word "currency" describes that which by custom or law is money, and thus the instruments may be shown to be commercial paper. *Huse* v. *Hamblin*, 29 Iowa, 501. On the other hand, in Michigan, it was held that where a certificate of deposit was made payable in currency, "prima facie, at least, that must be held to mean money current by law, or paper equivalent in value circulating in the business community at par." "Such, we think," said the court, "is the general signification, the fair import and the ordinary legal effect of the term." *Phelps* v. *Town*, 14 Mich. 374; *Phoenix Ins. Co.* v. *Allen*, 11 Mich. 501.

Still other authorities hold that the terms "currency" or "current funds" used in commercial paper, ex vi termini, mean money. Judge Campbell, in *Black* v. *Ward*, 27 Mich. 191, after a critical examination of a mass of authorities, declared that, with few exceptions, "the general course of authority is in favor of the negotiability of paper payable in currency, or in current funds. And these decisions rest upon the ground that those terms mean money, as the necessity of having negotiable paper payable in money is fully recognized."

"The term 'funds,'" say the court in *Galena Ins. Co.* v. *Kupfer*, 28 Ill. 332, "as employed in commercial transactions, usually signifies money. Then the term 'current funds' means current money, par funds or money circulating without any discount." Respecting an instrument payable in "current funds," the Maryland court said: "The words 'current funds' as used in the paper before us mean nothing more or less than current money, and so construed the instrument was negotiable." *Laird* v. *State*, 61 Md. 311. See also *Miller* v. *Race*, 1 Burr. 452; 1 Smith's Leading Cases, 808. The Supreme Court of the United States had occasion, in *Bull* v. *Bank of Kasson*, 123 U. S. 105, to pass upon the negotiability of an instrument which had been made payable in "current funds." That court said: "Undoubtedly it is the law that, to be negotiable, a bill, promissory note or check, must be payable in money, or whatever is current as such by the law of the country where the instrument is drawn or payable. There are numerous cases where a designation of the payment of such instruments in notes of particular banks or associations, or in paper not current as money, has been held to destroy their negotiability. But within a few years, commencing with the first issue in this country of notes declared to have the quality of legal tender, it has been a common practice of drawers of bills of exchange or checks, or makers of promissory notes, to indicate whether the same are to be paid in gold or silver, or in such notes; and the term 'current funds' has been used to designate any of these, all being current and declared, by positive enactment, to be legal tender. It was intended to cover whatever was receivable and cur-

rent by law as money, whether in the form of notes or coin. Thus construed, we do not think the negotiability of the paper in question was impaired by the insertion of those words." See *Chrysler* v. *Renois*, 43 N. Y. 209; *Howe* v. *Hartness*, 11 Ohio St. 449; *Citizens' Nat. Bank* v. *Brown*, 45 Ohio St. 39; *Telford* v. *Patton*, 144 Ill. 611. The case of *Klauber* v. *Biggerstaff*, 47 Wis. 551, holding that a certificate of deposit payable in currency is negotiable is sometimes cited as distinguishing between "currency" and "current funds," but we think the distinction is more in language than in meaning, for the Wisconsin court, after carefully defining the term "currency," add: "This 'construction of the term 'currency' might perhaps properly be extended to the term 'current funds.' It must extend to the latter term whenever it is used in the legal sense of money."

Another contention of the defendant is, that the certificate of deposit is not negotiable because it is not payable absolutely, but only contingently, "on return of this certificate properly indorsed." We think this is not such a contingency as affects the negotiability of the certificate. The language expresses no more than the law implies as the duty of the holder in the absence of any such stipulation. 2 Daniel on Negotiable Instruments, § 1707; *Smilie* v. *Stevens*, 39 Vt. 315.

Further, it is contended that this certificate is uncertain as to amount, by reason of the interest clause; and therefore is not negotiable. No time of payment is mentioned in the certificate. It is accordingly payable on demand. If payment be demanded at any time within six months, the amount payable is certain; it is the face of the certificate. If payment be not demanded until after six months, the amount payable is equally certain; it is the face of the certificate and interest to the time of payment. In this respect, the certificate is like a note payable at a time certain, with interest at a specified rate, from the date of the note, or from maturity, if it is not paid at maturity. Such notes are held negotiable. As in the case of a note on demand or on time, the time when it may be actually paid is uncertain, so it is uncertain when this certificate may be presented and payment demanded. But whenever

that may be, the sum to become absolutely payable upon it at any given time is ascertainable upon its face, and that is sufficient. *Smith* v. *Crane*, 33 Minn. 144; *Towne* v. *Rice*, 122 Mass. 67; *Hope* v. *Barker*, 112 Mo. 338; *Crump* v. *Berdan*, 97 Mich. 293; 1 Daniel on Negotiable Instruments, § 53. This disposes of the exceptions relating to the negotiability of the certificate.

At the trial, the plaintiff claimed that Olive Hodge, when she indorsed the certificate, gave it to her as her property, and this the defendant denied. The defendant requested the presiding justice to instruct the jury that "if it was a mere gift made by Olive Hodge to the plaintiff in manner aforesaid it would not authorize her, the plaintiff, to demand payment of the balance remaining unpaid represented by the certificate but still unpaid after her (Olive Hodge's) death," which request was refused, and exception was taken.

We do not think, upon the facts stated, that this exception raises any question of law. The bill of exceptions does not state what was the "manner aforesaid" in which the gift was made; it merely states that it was "a question in dispute between the parties" whether there was a gift or not.

If there was a gift, which was a question of fact, of course, the property in the certificate remained in the plaintiff both before and after the death of Olive Hodge.

*Exceptions overruled.*