# BAXLEY BANKING COMPANY *v.* GASKINS, executor.

1. A certificate of deposit issued by a bank and made payable "to the order of the administrator, 12 months after date, on return of this certificate, properly endorsed, with interest at the rate of 6 per cent. per annum. Interest will cease at maturity," is not due until it is returned to the bank properly endorsed and payment thereof is actually demanded.

2. The statute of limitations would begin to run against the certificate of deposit only from the date it was returned to the bank properly endorsed and payment thereof was actually demanded and refused.

3. Accordingly, where such a certificate was dated January 25, 1905, and demand for payment was made of the bank on July 7, 1913, and suit was brought on the certificate on May 16, 1914, it was not error to overrule a demurrer to the petition on the ground that the certificate was barred by the statute of limitations.

JULY 13, 1916.

Complaint. Before Judge Graham. Telfair superior court. July 1, 1915.

*J. C. Bennett* and *J. M. Swain Jr.,* for plaintiff in error.

*L. E. Heath,* contra.

HILL, J. Daniel Gaskins Sr., as executor of the last will and testament of William Hinson, brought suit, on May 16, 1914, against the Baxley Banking Company upon a time certificate of deposit issued by the bank, a copy of which is as follows: "Telfair County Bank (Branch Baxley Banking Co.) $1,000.00. Lumber City, Ga. Jany. 25, 1905. This certifies that estate of Wm. Hinson has deposited in this bank one thousand dollars, payable to the order of the administrator, 12 months after date, on return of this certificate, properly endorsed, with interest at the rate of 6 per cent. per annum. Interest will cease at maturity. Not subject to check. J. A. Doster, Cashier." It was alleged in the petition that on July 7, 1913, the day when the plaintiff qualified as executor, he endorsed the certificate of deposit as executor, and demanded payment of the bank of the trust fund and money represented by the time certificate, and the bank refused and still refuses to pay; that the certificate of deposit was never presented and the money demanded by any one authorized until it was presented by petitioner on July 7, 1913; and that it had never been paid. Judgment was prayed for the amount stated in the certificate of deposit, with interest. The defendant filed its demurrer on the grounds, that the petition failed to set out a cause of action; and that the debt declared on was barred by the statute of limitations. The judge overruled the demurrer, and the defendant excepted.

1. Does the language of the certificate of deposit, properly construed, make it due twelve months after its date? If it does, the suit brought in 1914, nine years after its date, would be barred by the statute of limitations. It is plain that the money could not be withdrawn under twelve months from the date of the certificate. It is also clear that interest ceased after twelve months. When,

then, is the certificate payable? It is not due before the "return of the certificate properly endorsed" at any time. It might be payable twelve months after date, on return of the certificate properly endorsed, or subsequently. The certificate was not returned properly endorsed, and a demand made for the money, twelve months after date, and not until July 7, 1913.

In the case of *Hillsinger* v. *Georgia Railroad Bank,* 108 *Ga.* 357 (33 S. E. 785, 75 Am. St. R. 42), this court held that "A certificate of deposit issued by a bank, and payable to the order of the depositor 'on the return of this certificate properly endorsed,' is not due until payment thereof is actually demanded." In delivering the opinion of the court, Lumpkin, P. J., in speaking of the language of the certificate above quoted, said: "We think their plain meaning is, that the paper itself must be brought back to the bank and a demand made for the money; and we know this view concurs with the common course of business in such matters. It is not contemplated, when a depositor places money in a bank and takes a certificate of this character, that the officials of the bank are to seek him out and make payment to him, but that he, or his endorsee, when·payment is desired, will bring the certificate to the bank and ask for the money." And see, to the same effect, the cases of *Patterson* v. *Blanchard,* 98 *Ga.* 518 (25 S. E. 572); *Munnerlyn* v. *Augusta Savings Bank,* 88 *Ga.* 333 (3), 336 (14 S. E. 554, 30 Am. St. R. 159).

The only difficulty we have in reaching the conclusion that the certificate of deposit in the present case is not due until a demand for payment is actually made on the return of the certificate properly endorsed arises from the sentence "Interest will cease at maturity." At maturity of what? The word "maturity" is somewhat confusing and at variance with the view above expressed. But the certificate must be construed as a whole, and not on one isolated sentence; and so construing it, we think the better view is to hold, under the decisions above cited, that·the certificate does not become due until it is returned to the bank properly endorsed and a demand is actually made for payment. In this view the certificate was not due. until the demand for payment was made on July 7, 1913, and the statute of limitations would begin to run only from that date, and not from twelve months after the date of the certificate. And that being so, the certificate was not barred

by the statute of limitations at the date of bringing the suit, May 16, 1914; and the court properly overruled the demurrer. It may be added that the word "maturity," as used in the certificate, refers only to the stopping of interest at the expiration of twelve months from the date of the certificate—maturity of the date on which the certificate would cease to draw interest. If the plaintiff is entitled to recover the amount of the certificate, he would be entitled to recover interest at seven per cent. from the date of demand for payment and refusal to pay.

*Judgment affirmed. All the Justices concur.*