## CHANDLER *v.* SMITH, administratrix.

PER CURIAM. 1. An instrument issued by a bank and signed by its cashier recited that "J. A. Chandler has deposited in this bank four thousand dollars, payable to the order of himself on —— days' notice, on the return of this certificate properly indorsed, with interest at the rate of 6 per cent. per annum if left 12 months. Interest to cease Dec. 9th, 1912." *Held,* that the clause requiring that the money be left on deposit for twelve months, as a condition to the payment of interest, did not render the paper indefinite. Hatch *v.* First National Bank of Dexter, 94 Me. 348 (47 Atl. 908, 80 Am. St. R. 401). The words, "payable to the order of himself," are words of negotiability; and when considered in its entirety, the paper is negotiable. *Cohen* v. *Prater,* 56 *Ga.* 203; *Lynch* v. *Goldsmith,* 64 *Ga.* 42; Whitwell *v.* Winslow, 134 Mass. 343. .

2. An indorsement on the paper, "For value received, I hereby transfer this certificate to Mr. J. A. Smith, this Jany. 26, 1912," signed by

J. A. Chandler, though omitting the words "or order" after the name of the transferee, was a general indorsement, and did not restrict the negotiability of the paper. Norton on Bills and Notes (4th ed.), 159, 160; Leavitt v. Putnam, 3 N. Y. 322 (53 Am. D. 322); Rice v. Stearns, 3 Mass. 225 (3 Am. D. 129); Hodges v. Adams, 19 Vt. 74 (46 Am. D. 181).

3. The contract of the indorser was to pay the money to the indorsee, or to any subsequent indorsee, if the bank, which was primarily liable, should fail to pay according to the terms of the paper. Civil Code 1910), § 4279.

4. On its face the paper is not due until it is returned to the bank, properly indorsed, and payment thereof is actually demanded. Hillsinger v. Georgia Railroad &c. Co., 108 Ga. 357 (33 S. E. 985, 75 Am. St. R. 42); Baxley Banking Co. v. Gaskins, 145 Ga. 508 (89 S. E. 516).

5. In a suit by a holder of the paper as remote indorsee against the first indorser, the holder is presumed to be such bona fide and for value; and if neither fact is negatived, the plaintiff will not be affected by any equities between the prior indorsers. Civil Code (1910), § 4288.

6. "The holder of a note as collateral security for a debt stands upon the same footing as the purchaser." Civil Code, § 4289. The uncontradicted evidence showed that the plaintiff as administratrix was the holder of the paper as collateral security for a debt owed by the immediate indorser to the estate upon which she was administratrix; and there was no error in refusing to charge the jury on the basis that she was a mere collecting agent of the indorser.

7. In such a suit where it appeared that the plaintiff was the holder of the note for value, having received it from her immediate indorser after demand had been made upon the bank for payment by the payee, the plaintiff was unaffected by a parol agreement between the payee named in the paper and his immediate indorsee, whereby such payee should not be liable upon the paper if the bank should fail to pay it, there being no evidence tending to show notice to the plaintiff of such agreement, or of the fact that a demand had been made for payment and refused.

8. Applying the foregoing rulings to the case, there was no error in refusing a new trial.

*Judgment affirmed. All the Justices concur.*

No. 214. February 15, 1918.

Equitable petition. Before Judge Brand. Clarke superior court. January 20, 1917.

*W. W. Armistead, Shackelford & Meadow,* and *Horace & Frank Holden,* for plaintiff in error.

*H. C. Tuck, Thomas F. Green,* and *Erwin, Rucker & Erwin,* contra.