No. 24,724.

Joel Barrett, *Petitioner,* v. F. H. Foster, Bank Commissioner, (Carl J. Peterson, substituted), *Respondent.*

SYLLABUS BY THE COURT.

Mandamus—*Guaranty Fund—Certificate of Deposit—Not Entitled to Certificate on State Bank Guaranty Fund.* Upon the failure of a bank, operating under the state bank guaranty law, the holder of a certificate of deposit, in the following form: " ............ has deposited in this bank $............ Payable to the order of himself in current funds on return of this certificate properly endorsed interest at the rate of 4 per cent per annum for all full months if left six months. ................, Cashier. Not subject to check"; is not entitled to a certificate on the state bank guaranty fund.

Original proceeding in mandamus. Opinion filed December 8, 1923. Judgment for defendant.

*Robert Stone, George T. McDermott, Robert L. Webb, Beryl R. Johnson,* all of Topeka, and *A. M. Casten,* of Quenemo, for the plaintiff.

*Charles B. Griffith,* attorney-general, *John G. Egan, W. C. Ralston,* assistant attorneys-general, and *J. B. Larimer,* of Topeka, for the defendant.

The opinion of the court was delivered by

HARVEY, J.: This is an original proceeding in mandamus to compel the bank commissioner to issue a certificate upon the state bank guaranty fund for the amount of a certificate of deposit. Briefly, the facts are:

The Farmers State Bank of Quenemo, Kansas, operating under the provisions of the State Guaranty Law, on May 13, 1921, issued a certificate to Joel Barrett for a deposit then made or an amount then on deposit, which certificate reads as follows:

"Deposits Guaranteed

"THE FARMERS STATE BANK                    83-548
                    QUENEMO, KANS. May 13, '21.   No. 3189

"Joel Barrett..............Has deposited in this Bank One thousand two hundred eighty-five dollars forty cents..............$1285.40. Payable to the order of himself in current funds on return of this Certificate properly endorsed interest at the rate of %........4........per annum for all full months if left six months.

                    Signed................W. J. HUTCHISON................
"Not subject to check."                    Cashier.

The deposit remained in the bank and was there when the bank was closed by the bank commissioner for insolvency on February 18, 1922. On April 22, 1922, plaintiff presented to the bank commissioner proof of claim for $1,311.10, being the face of the certificate with interest for six months at 4 per cent per annum and requested the bank commissioner to issue to him a certificate for that amount against the state bank guaranty fund, which request was refused.

Under the provisions of the state bank guaranty law (Gen. Stat. 1915, §§ 600, 601), as heretofore construed by this court (*State Bank v. Bank Commissioner*, 110 Kan. 520, 204 Pac. 709; *Barber County v. Bank Commissioner*, 113 Kan. 180, 213 Pac. 1054), a deposit is not within the protection of the bank guaranty act if it does not conform to the rules of the bank commissioner governing such deposit. Under the authority conferred upon him by statute the bank commissioner promulgated a rule or order as to the class of deposits that should be within the protection of the bank guaranty act, which, so far as is pertinent here, reads as follows:

"  . . . The following rates are hereby approved: A maximum rate of 4 per cent on time certificates of deposit not payable in less than three months and not extending more than two years and having a definite date of maturity when interest shall cease. . . . The maximum rate of 3 per cent per annum applies to all other forms of deposit  . . . ."

Examining the certificate in this case it will be noted that it is
" . . . payable . . . on return of this certificate properly
endorsed . . . ." By its terms the holder was at liberty to re-
turn it for payment the next day after it was issued or at any time
thereafter, which might extend for several years. Hence, it was an
instrument payable on demand. (Gen. Stat. 1915, § 6534; *Emerson
v. North Amer. Trans. Co.*, 303 Ill. 282; *Pierce v. State National
Bank of Boston*, 215 Mass. 18; *Talladega Insurance Co. v. Wood-
ward*, 44 Ala. 287; *Hillsinger v. Georgia Railroad Bank*, 108 Ga.
357; *Elliott v. State Bank*, 128 Iowa, 275; *Easley v. East Tennessee
Nat. Bank;* 138 Tenn. 369; *Hatch v. National Bank*, 94 Maine, 348;
*Tobin v. McKinney*, 14 S. D. 52; *Cate v. Patterson*, 25 Mich. 191;
*McGough v. Jamison*, 107 Pa. St. 336.)

Plaintiff argues that the certificate of deposit in this case has a
definite date of maturity; that it matured six months after the date
of issuance, but the cases he cites in support of that contention are
not very convincing. In *Verdi v. Helper State Bank*, 57 Utah, 502,
506, the certificate provided "payable . . . on the return of this
certificate properly endorsed six months after date," and was en-
dorsed on the back, "4 per cent interest will be paid if left for six
months. No interest will be paid after maturity and all interest is
forfeited if principal is drawn before maturity." In *Towle v. Starz*,
67 Minn. 370, the certificate reads, "Payable . . . on the return
of this certificate properly endorsed with interest at 4 per cent. To
be left six months. No interest after maturity." And the court con-
strued it as though reading "Payable six months after date."

In *Kirkwood v. First Nat. Bank of Hastings*, 40 Neb. 484, 488, the
certificate read, "Payable . . . on return of this certificate
properly endorsed. This deposit not subject to check. With inter-
est at 6 per cent if left six months. No interest after six months."
The question in the case was, when did the certificate become due
so as to charge a purchaser with notice of equity? In the opinion
it was said:

"There could be no doubt that, if the certificate had provided simply for
payment upon presentment properly indorsed, it would be, in effect, a prom-
issory note payable on demand, and would be overdue, so as to charge a pur-
chaser with notice, at the latest, after the lapse of a reasonable time for pre-
sentment. Dan. Neg. Ins. 783. But the terms of this instrument are different.
It was to draw interest if left six months, but in no event to draw interest
after six months. . . . Surely, a purchaser reading this certificate within

six months from its date, observing that, if presented before the expiration of six months, it would draw no interest, but if presented at the end of that period would bear interest, would be justified in presuming that it had not been presented. Equally certain it is that seeing it after the expiration of six months, and observing by its terms that it could draw no interest thenceforth forever, he would be put upon inquiry to ascertain why it had not been presented when interest ceased. We think the instrument should be treated, so far as ascertaining the rights of purchasers, as one payable on or before six months after date, or, if not, that then, from the peculiar nature of the contract, six months after date should be treated as the reasonable time within which it should be presented, and a purchaser taking it within that period should be considered as a purchaser before maturity. Adopting, then, the conclusions we have outlined, this was a negotiable instrument, which a *bona fide* purchaser for value, within six months from its date, would be entitled to enforce against the defendant." (p. 494.)

But there is nothing in this certificate to fix a time when it must be presented for payment. Hence, it does not have a definite date of payment required by the rule or order of the bank commissioner for time certificates.

As to the interest, the certificate provides: "Interest at the rate of %.............4.............per annum for all full months if left six months." Under this provision of the certificate there would be no interest payable on the certificate if it were returned for payment within six months of the date it was issued. If it were not returned for payment until the expiration of six months from the date it was issued or until a later date (and as we have seen, the holder had a right to return it for payment at a later date), it would bear interest at the rate of 4 per cent "for all full months" from the date it was issued until the date it was returned for payment. To illustrate: The bank failed nine months and five days after the certificate was issued. Had it been returned for payment the day previous the holder would have been entitled to interest for nine months, that being "all full months" since it was issued. By its terms any time it was returned for payment after six months from date of issuance the interest would be counted for all full months. Hence, the certificate did not conform to the order of the bank commissioner for a time certificate in that it did not have expressed in it a definite date when interest should cease, nor in being limited for two years as required by the rule of the bank commissioner.

Under the rule or order of the bank commissioner, if it were not a time certificate as defined by him in that rule or order, then the maximum rate of interest it could bear to be within the provisions

of the guaranty fund would be 3 per cent per annum. This certificate could not be protected under that provision of the order for, as we have seen, it provided under certain conditions that it should bear 4 per cent interest. At the time the bank failed it was by its terms entitled to bear 4 per cent interest. It necessarily follows that there is no view that can be taken of the matter under which it is within the provisions of the guaranty fund act.

Plaintiff offered oral testimony tending to show that it was his understanding that this certificate was a time certificate of deposit due in six months. Without stopping to analyze and weigh this evidence, we think it incompetent under the rule which forbids parol evidence to vary the terms of a written instrument.

Judgment will be for defendant.