Crossley v. Steele.

EDMISON CROSSLEY, PLAINTIFF IN ERROR, V. J. N. STEELE, DEFENDANT IN ERROR.

1. **Bill of Particulars.** A bill of particulars in justice's courts in the form of an account claiming damages to grain in the field, *Held*, Sufficient after trial and judgment.

2. **Judgment:** FINDING. Sec. 297 of the code applies to justices of the peace, and where a jury is waived in a justice's court, and the cause tried before the justice, there must be a finding of facts. A judgment without a finding is not void, but voidable.

ERROR to the district court for Gage county. Tried below before WEAVER, J.

*Bush & Rickards,* for plaintiff in error.

Bill of particulars insufficient. *Gage v. Roberts,* 12 Neb., 276. *K. P. R. R. v. Taylor,* 17 Kan., 569. *Bowen v. School District,* 10 Neb., 265. *B. & M. R. R. v. York Co.,* 7 Neb., 487. There should be a finding. *Smith v. Silvis,* 8 Neb., 164. *Sprick v. Washington County,* 3 Neb., 255.

*Pemberton & Forbes,* for defendant in error, cited: *Bell v. Sherer,* 12 Neb., 409. Bliss on Code Pl., sec. 439. *Wilcox v. Toledo,* 43 Mich., 588, 589. Finding. Swan's Treatise, 209. *Lucas v. San Francisco,* 28 Cal., 591.

BY THE COURT.

This action was brought before a justice of the peace of Gage county upon the following bill of particulars:

"I, J. N. Steele, do charge Edmison Crossley, of Holt precinct, with damage to crops on the south-west quarter of section 3, town five, range six.

"Oats in the field, 250 bushels, 15 .............. $37.50
Corn in field, 250 bushels, 20 ..................... 50.00
Millet in field, 24 bushels, 50 ..................... 12.00.

　　　　　　　　　　　　　　　　　　$99.50
　　　　　　　　　　　　　　　"J. N. STEELE."

Crossley appeared in the action and a trial was had before the justice, and judgment was rendered in favor of Steele for the sum of $82 and costs. Crossley took the case on error to the district court, where the judgment was affirmed. He now brings the cause into this court by petition in error.

The errors assigned are:

*First.* That the bill of particulars is not sufficient to sustain the judgment.

*Second.* That there is no finding of facts.

The bill of particulars, while informal, is sufficient to sustain a judgment. It is in effect an account, wherein Edmison Crossley is charged as debtor. If he desired a more definite statement, he should have filed a motion to that effect; but having failed to do so, the defect is waived. All matters relating to the form of the proceedings in justice courts will be construed with great liberality.

Sec. 297 of the code provides that upon the trial of questions of fact by the court, it shall not be necessary for the court to state its finding, except generally, for the plaintiff or defendant, unless one of the parties request it, with the view of excepting to the decision of the court upon the questions of law involved in the trial, in which

case it shall state in writing the conclusions of fact found separately from the conclusions of law.

Sec. 1085 provides that the provisions of the code, which are in their nature applicable, and in respect to which no special provision is made by statute, shall apply to proceedings before justices of the peace.

In *Sprick v. Washington County*, 3 Neb., 255, this court say: "Sec. 297 of the civil code clearly provides that in all actions tried by the court there must be a general finding, and when requested by one of the parties, a special finding. General Statutes, 575. And if this finding be vague, uncertain, or indefinite, it will not maintain a judgment." *Demming v. Weston*, 15 Wis., 236. The necessity of a finding seems to be as great in cases tried before justices of the peace as in cases tried in courts of record. The finding takes the place of the verdict of a jury, and shows upon what facts the justice bases his judgment. There must therefore be a finding of facts in all cases tried before a justice of the peace where a jury is waived. A judgment without a finding is not void, but voidable. As there is no finding, the judgment of the district court, and also of the justice of the peace, is reversed, and the cause is remanded to the district court for trial.

REVERSED AND REMANDED.