GEORGE W. MOWERY, PLAINTIFF IN ERROR, V. P. P. MAST & CO., DEFENDANTS IN ERROR.

**Negotiable Instruments.** Where a negotiable instrument is lost after it becomes due, a recovery may be had thereon in a court of law.

ERROR to the district court for Adams county. Tried before POUND, J., in the absence of GASLIN, J.

*Batty & Ragan,* for plaintiff in error, cited: 1 Nash Practice, 555. *Mores v. Trice,* 21 Gratt., 556. *Kinsdale v. Bank,* 6 Wend., 378. *Hopkins v. Adams,* 20 Verm., 407. *Posey v. Decatur Bank,* 12 Ala., 802. 2 Daniels, 1477–8. 2 Parsons on Notes and Bills, 302.

*O. B. Hewett,* for defendant in error, cited: *Mason v. King,* 15 Ohio, 242. 1 Wait's Actions and Defenses, 166, and cases cited.

MAXWELL, J.

This is an action on a guaranty made by Mowery to Mast & Co. upon a promissory note, the note being lost after it became due. The guaranty is as follows : "For value received we hereby guarantee the payment of the within note, and waive protest, demand, and notice of non-payment thereof, G. W. Mowery." The action was commenced before a justice of the peace, who rendered judgment in favor of Mowery, and dismissed the action. Mast & Co. appealed the cause to the district court, where they recovered judgment for the sum of $111.43. Mowery brings the cause into this court by petition in error. It is alleged in the petition that after the note became due, Mast & Co. were, and still are, the owners and holders of said note, and at no time have sold, assigned, transferred, or endorsed the same in any manner. It is also alleged that after said note became due, and while in the hands of Mast & Co.'s attorneys for collection, it was lost, and plaintiffs have not been able to find it, though diligent search has been made for the same. These facts are not denied in the answer, and are therefore admitted. The principal ground of error relied upon is that the action should have

been brought in a court of equity, and not of law, and therefore the justice of the peace had no jurisdiction.

The authorities upon this question, both in England and this country, are conflicting, the chief difficulty being the authority of a court of law to require the plaintiff to give indemnity against the note if it should afterwards be found in the hands of an innocent holder who acquired it before due.

Among the grounds upon which the English courts require the action to be brought in a court of equity are: First, that the person paying a note or bill is entitled to receive it on payment as evidence of such payment. Second, that the instrument may afterwards be found, although supposed to be lost or destroyed. Third, the instrument may have been negotiated before due, therefore indemnity is required. The rule is different, however, both in this country and England, where the note sued on is not negotiable. And the authorities are pretty nearly unanimous that where the instrument is clearly shown to have been destroyed, no indemnity is necessary. Where a negotiable instrument, in such form that the legal title will pass to the holder by delivery, is lost before it becomes due, there is good reason for requiring a bond of indemnity from the person who has lost the instrument, if he bring an action on such lost instrument to recover the amount due thereon. In such case the action should be brought in a court of equity, which may impose suitable conditions upon the plaintiff before he will be permitted to recover. But where it is clearly shown that an instrument is lost after it has become due, and an action is brought thereon by the actual owner, no indemnity would seem to be necessary. The instrument will stand on the same ground as though it was non-negotiable, and a recovery thereon by the actual owner will be a complete bar to an action by a party who has received the instrument after it became due. In the case at bar it is admitted on the pleadings that Mast & Co.

have not transferred the note in question, and that it was lost in the office of their attorney after it became due. This being the case, a court of law had jurisdiction. *Thayer v. King,* 15 Ohio, 242. Story's Eq. Juris., § 86a, and cases cited. The action, therefore, was properly brought before a justice of the peace. The judgment must be affirmed.

JUDGMENT AFFIRMED.