JOHN L. MEANS ET AL. V. DANIEL KENDALL, ADMIN-ISTRATOR.

[FILED NOVEMBER 16, 1892.]

**Negotiable Instruments:** ACTION ON LOST NOTE: INDEMNITY BOND. Where a negotiable note is lost before it becomes due the court will require the plaintiff to give an indemnifying bond to the maker as a condition of recovering judgment, but where the instrument is lost after it becomes due no bond ordinarily will be required.

ERROR to the district court for Hall county. Tried below before HARRISON, J.

*Abbott & Caldwell*, for plaintiffs in error.

*Thummel & Platt, contra.*

MAXWELL, CH. J.

On the 27th of October, 1887, John L. Means borrowed from John Kendall the sum of $2,000, at nine per cent interest, and gave his note therefor signed by S. N. Wolbach as surety. On the 15th of October, 1888, Means sent a check to Kendall for $180 with a request for an extension of time of payment. To this Kendall replied as follows:

" Received check for $180 to apply on interest on your note for $2,000, dated October 17, 1888. Have credited said note with the same. The note is all right, let it run.
                    " Yours truly,          JOHN KENDALL."

Within a few months after the above transaction Kendall died, and the defendant in error was appointed administrator of his estate, and brought an action on the note in question and recovered judgment thereon for the principal and interest. The note, it appears, is lost, and the plaintiffs in error insist that they should be protected by a bond of indemnity. Where a negotiable note is lost before maturity, a court ordinarily will require a bond of indemnity to be given, because the note may have passed into the hands of an innocent holder, and thus the maker be subjected to loss; but if the instrument when lost was already past due, no person could become an innocent purchaser so as to be protected as against the real owner. Therefore in the latter case no bond is necessary. (*Mowery v. Mast*, 14 Neb., 510; *Thayer v. King*, 15 O., 242; Story's Eq. Juris., sec. 86*a*.) The proof fails to show a transfer of

the note, or any fact to excite suspicion that the note in question is not the property of the estate.    The judgment is right and is

AFFIRMED.

THE other judges concur.