ROSE KIRKWOOD V. FIRST NATIONAL BANK OF HASTINGS.

FILED MAY 2, 1894.    No. 5231.

1. **Actions:** LEGAL AND EQUITABLE JURISDICTION. Where an action is begun in the district court by a petition seeking legal relief, there being an answer praying for equitable relief, and a trial by jury being waived, an objection to a judgment granting equitable relief upon the ground that the action was at law is not well founded. The district courts are courts of general legal and equitable jurisdiction, no forms of action are recognized, and the court has power to administer either legal or equitable relief according as the pleadings warrant and the proof requires.

2. **Lost Instruments:** INDEMNITY. Where an instrument negotiable by delivery is lost before maturity, a bond of indemnity should be required as a condition for recovery thereon; but where it is clearly shown that the instrument was payable to order and not indorsed, or that it was lost after maturity, no indemnity should generally be required.

3. **Negotiable Instruments:** CERTIFICATES OF DEPOSIT: BONA FIDE PURCHASERS. A certificate of deposit in the usual form, issued by a bank and made payable to order or bearer, is negotiable, and a *bona fide* purchaser thereof for value before maturity, without notice of equities, is protected to the same extent as an innocent holder of other negotiable paper. *First Nat. Bank v. Security Nat. Bank*, 34 Neb., 71, followed.

4. ————: ————: ————. The negotiability of such a certificate is destroyed neither by a stipulation that it is payable on return of the certficate properly indorsed, nor by a provision that it is payable in current funds, nor by a provision that it shall bear interest if left six months, but no interest after six months.

5. ————: ————: ————. A certificate of deposit as follows: " This certifies that A. B. has deposited in this bank $3,000, payable to order of self, in current funds, on return of this certificate properly indorsed. This deposit not subject to check. With interest at six per cent if left six months; no interest after six months," is overdue so as to charge purchasers with notice of equities after the expiration of six months, and not until then.

6. **Trial:** FINDINGS. In actions tried by the court there must be a general finding, and if requested by one of the parties a special finding, and if this finding be vague, uncertain, or indefinite, it will not support a judgment when attacked directly.

7. ————: ————: REVIEW. Accordingly, where there is no general finding, and no special finding upon the issues upon which the form of the judgment depends, the judgment must be reversed.

ERROR from the district court for Adams county.   Tried below before GASLIN, J.

The opinion contains a statement of the case.

*L. W. Billingsley* and *R. J. Greene*, for plaintiff in error:

Courts of law cannot compel indemnity. (Randolph, Commercial Paper, sec. 1697; *Mowery v. Mast*, 14 Neb.,

512; *Pierson v. Hutchinson,* 2 Camp. [Eng.], 211; *Ex parte Greenway,* 6 Ves. Jr. [Eng.], 812; *Lamson v. Pfaff,* 1 Handy [O.], 450.)

If the certificate is a negotiable instrument, a court of law could enter judgment thereon only upon. the theory that it was lost after due, unindorsed, and in that event no indemnity bond could be required, and it would stand on the same ground as though non-negotiable. (*Mowery v. Mast,* 14 Neb., 512; *Fells Point Savings Institution v. Weedon,* 81 Am. Dec. [Md.], 603; *Edwards v. McKee,* 13 Am. Dec. [Mo.], 474; *McClusky v. Gerhauser,* 90 Am. Dec. [Nev.], 512; *Moses v. Trice,* 8 Am. Rep. [Va.], 609; *Thayer v. King,* 45 Am. Dec. [O.], 571; *Chaudron v. Hunt,* 20 Am. Dec. [Ala.], 60; *Rowley v. Ball,* 15 Am. Dec. [N. Y.], 266; *Lazell v. Lazell,* 36 Am. Dec. [Vt.], 352; *Pintard v. Tockington,* 10 Johns. [N. Y.], 104; *De Pew v. Wheelan,* 6 Blackf. [Ind.], 485; *Moore v. Fall,* 42 Me., 450; *McNair v. Gilbert,* 3 Wend. [N. Y.], 344; *Aborn v. Bosworth,* 1 R. I., 401.)

If the instrument was non-negotiable, no reason existed for compelling indemnity, either at law or in equity, and the court had no jurisdiction to compel it. (*Averett v. Booker,* 76 Am. Dec. [Va.], 203; *Cook v. Satterlee,* 16 Am. Dec. [N. Y.], 432; *Grimison v. Russell,* 14 Neb., 523; *Hegeler v. Comstock,* 45 N. W. Rep. [S. Dak.], 331, and cases cited; *Platte v. Sauk County Bank,* 17 Wis., 230; *Collins v. Lincoln,* 11 Vt., 268; *Farwell v. Kennett,* 7 Mo., 297; *Klauber v. Biggerstaff,* 47 Wis., 556; *Lindsey v. McClelland,* 18 Wis., 481; *Easton v. Hyde,* 13 Minn., 83; *Huse v. Hamblin,* 29 Ia., 501; *Rindskoff v. Barrett,* 11 Ia., 172; *Patterson v. Poindexter,* 40 Am. Dec. [Pa.], 554; *Irvine v. Lowry,* 14 Pet. [U. S.], 293; *Fry v. Rousseau,* 3 McLean [U. S. C. C.], 106; *Hasbrook v. Palmer,* 2 McLean [U. S. C. C.], 10; *Warren v. Brown,* 64 N. Car., 381; *Mason v. Noonan,* 7 Wis., 609*; *Ford v. Mitchell,* 15 Wis., 334; *Haddock v. Woods,* 46 Ia., 433; *Kirkpatrick v.*

*McCullough*, 3 Humph. [Tenn.], 171; *Whiteman v. Childress*, 6 Humph. [Tenn.], 303.)

*Tibbets, Morey & Lewis, contra:*

A certificate of deposit is a written acknowledgment by a bank or banker of the receipt of a sum of money on deposit which he promises to pay to bearer or to the order of the depositor or of some other person. (2 Daniels, Negotiable Instruments, sec. 1698; Tiedeman, Commercial Paper, sec. 486; *Pardee v. Fish*, 60 N. Y., 265.)

Certificates of deposit have all the characteristics of negotiability which pertain to promissory notes in general. (*Miller v. Austen*, 13 How. [U. S.], 218; *Carey v. McDougald*, 7 Ga., 84; *Drake v. Markle*, 21 Ind., 433; *National State Bank of Lafayette v. Ringel*, 51 Ind., 393; *Frank v. Wessels*, 64 N. Y., 155; *Howe v. Hartness*, 11 O. St., 449.)

A general principle applicable to negotiable instruments is that the party to such an instrument when he is called upon to pay it has the right to insist that it shall be produced and delivered up to him. (1 Wait, Actions & Defenses, p. 165, and cases cited.)

The negotiable character of a certificate of deposit is not affected by the fact that a demand is necessary before an action can be maintained thereon, nor is it changed by a provision therein by which it is made payable in current bank notes. (*Pardee v. Fish*, 60 N. Y., 265; *Shamokin Bank v. Street*, 16 O. St., 1; *Bull v. Bank of Kasson*, 123 U. S., 112; 1 Morse, Banks [3d ed.], secs. 299, 300, and cases cited; *Galena Ins. Co. v. Kupfer*, 28 Ill., 332; *Marc v. Kupfer*, 34 Ill., 287; *Lacy v. Holbrook*, 4 Ala., 90.)

IRVINE, C.

A brief statement of the pleadings is necessary to a consideration of this case. The plaintiff in error was the plaintiff in the district court. In her petition she avers

that on December 4, 1890, she deposited with the defend-
ant bank $3,000, for which the defendant issued to her a
certificate of deposit; that on or about June 6, 1891, she
lost the certificate and at once gave notice of loss to the de-
fendant; that she had not at the time of the loss or at any
other time indorsed the certificate or in any way negotiated
or hypothecated the same. The prayer was for a judg-
ment for the amount of the certificate with interest.

The defendant, by its answer, admits the deposit and the
issuance of a certificate in words and figures as follows:

"FIRST NATIONAL BANK,
"HASTINGS, NEBRASKA, Dec. 4, 1890.   28906.

"This certifies that Miss Rose Kirkwood has deposited
in this bank three thousand dollars ($3,000), payable to
the order of self, in current funds, on return of this certifi-
cate properly indorsed.   This deposit not subject to check.
With interest at six per cent if left six months; no interest
after six months.         C. B. HUTTON, *for Cashier.*

"Certificate of deposit."

The defendant further alleged that when the plaintiff
demanded payment she failed to produce the certificate,
claiming that she had lost it; that the defendant was at all
times ready and willing to pay the certificate upon its pro-
duction, or, if lost, to pay it upon the execution and de-
livery of a sufficient indemnifying bond. The defendant
then denied each and every allegation in the petition not
specifically admitted or modified, and prayed that the
plaintiff be ordered to execute and deliver an indemnity
bond to secure it against any loss by reason of said certifi-
cate.

There was a trial upon these pleadings, a jury being ex-
pressly waived, and the following finding and judgment
were entered:

"This cause comes finally on to be heard upon the peti-
tion of the plaintiff, the answer of the defendant, and the

evidence, and the same is submitted to the court; upon con-
sideration, the court finds that there is due to the plaintiff
from the defendant upon the cause of action set out in her
said petition the sum of $3,090.

"It is therefore considered and adjudged by the court,
that the plaintiff have and recover of and from the said
defendant the said sum of $3,090, and that each party to
this action pay half of the costs herein.

"It is also considered and ordered by the court that the
defendant pay the said sum of $3,090 to the clerk of this
court, to be paid over to said plaintiff upon the filing by
plaintiff, with the clerk of this court, of a good and suffi-
cient bond of indemnity with approved sureties, to be ap-
proved by said clerk, indemnifying the said defendant
against any and all liability which may hereafter arise and
might subject the said defendant to the payment of the said
certificate of deposit, as set out in said petition, and here-
tofore lost by said plaintiff."

The plaintiff brings the cause here, assigning several
errors, all, however, going to the authority of the court to
make an order requiring a bond of indemnity. There is
no bill of exceptions and the case can be reviewed only
upon the petition, answer, and judgment.

There is a great deal of argument in the briefs to the
effect that the action was begun as one at law; that an ac-
tion at law can only be maintained upon a lost instrument
when it is non-negotiable, or, if negotiable, when lost after
maturity or unindorsed, and that in any event in an action
at law no indemnity can be required. These distinctions
have been recognized in England and generally in those of
the United States where the courts of law and equity are
distinct. But counsel lose sight of the fact that our dis-
trict courts are courts of general law and equity jurisdic-
tion; that the Code abolishes formal distinctions between
law and equity, and that where a cause of action, either at
law or in equity, is stated in a petition the district court may

administer relief according to the nature of the case, without regard to forms of action. Had the old practice prevailed, upon the tender of proper issues, if the court had found that indemnity was proper, the plaintiff could have obtained no relief if she began at law. Had she begun in equity, she would have obtained the appropriate relief according to the pleadings and the proof. Under our practice, she alleging a state of facts entitling her to relief at law and the defendant by answer setting up facts entitling it to equitable relief, the question is not one of jurisdiction but of proof, and the court had jurisdiction to enter either an absolute judgment or one conditioned upon the execution of an indemnity bond according as the proof might justify. The rule as to whether or not indemnity should be required in an action upon a lost instrument has been practically settled in this state. In *Mowery v. Mast*, 14 Neb., 510, it was held that where a negotiable instrument is lost after it becomes due, a recovery may be had in a court of law. This was a case where the suit had been begun originally before a justice of the peace and his jurisdiction depended upon that question. It was there said: "Where a negotiable instrument, in such form that the legal title will pass to the holder by delivery, is lost before it becomes due, there is good reason for requiring a bond of indemnity from the person who has lost the instrument * * * to recover the amount due thereon. In such case the action should be brought in a court of equity, which may impose suitable conditions upon the plaintiff before he will be permitted to recover. But where it is clearly shown that an instrument is lost after it has become due, and an action is brought thereon by the actual owner, no indemnity would seem to be necessary. The instrument will stand on the same ground as though it was non-negotiable, and a recovery thereon by the actual owner will be a complete bar to an action by a party who has received the instrument after it became due." In *Means v. Kendall*, 35 Neb.,

693, it was held that where a negotiable note is lost before it is due, the court will require indemnity; but where lost after due, no bond will ordinarily be required. It does not appear in that case whether or not the note was negotiable by delivery only; but from the language of the first case cited, and upon general principles as settled by the weight of authority (Daniel, Negotiable Instruments, sec. 1481), indemnity will not be required where the instrument is payable to order and clearly shown not to have been indorsed, even if lost before maturity, because in that event the maker would be subjected to no liability. Applying the rules to this case no indemnity should be required unless the instrument was negotiable. So far as the character of the instrument is concerned as being a certificate of deposit, and for the present disregarding its particular phraseology, this court has said that "the established doctrine is that a certificate of deposit in the usual form, issued by a bank and made payable to order or bearer, is negotiable, and a *bona fide* purchaser thereof for value before maturity, without notice of equities, is protected to the same extent as an innocent holder of other negotiable paper." (*First Nat. Bank v. Security Nat. Bank*, 34 Neb., 71.)

Was there anything upon this certificate to take it out of the general rule and render it non-negotiable? It is argued that the provision that it should be payable "on return of this certificate properly indorsed" destroys its negotiability. That, however, was the language of the certificate in *First Nat. Bank v. Security Nat. Bank, supra*, and such certificates were there treated as negotiable paper. It has, indeed, been frequently said that the stipulation for the return of the certificate adds nothing to the instrument. It is merely the expression of a rule which applies to all negotiable paper, and an action may be maintained without a previous presentment. This question was thoroughly considered in the case last cited. As to the requirement

that it should be properly indorsed, it would seem that an indorsement by the payee would not be necessary. A "proper" indorsement is such an indorsement as the law merchant requires in order to authorize a payment to the holder. If presented by the original payee, no indorsement would be proper or at least necessary; if presented by another, "proper indorsement" to show his title would be requisite. We do not think that this provision operates as a condition destroying the negotiability of the instrument.

It is next said that the amount of payment is uncertain and the instrument for that reason non-negotiable. This argument is predicated chiefly upon the provision that the certificate is payable "in current funds." We are aware that many courts have held that such a clause does not require payment in money, and destroys the negotiability of the instrument. The cases so holding are either cases arising at a time when many forms of bank notes and bills were in use, varying in their values, or cases decided upon the authority of that class without regard to changed conditions. With regard to existing conditions we think the supreme court of the United States has declared the law correctly in *Bull v. Bank of Kasson*, 123 U. S., 105, as follows: "Within a few years, commencing with the first issue in this country of notes declared to have the quality of legal tender, it has been a common practice of drawers of bills of exchange or checks, or makers of promissory notes, to indicate whether the same are to be paid in gold or silver, or in such notes; and the term 'current funds' has been used to designate any of these, all being current and declared by positive enactment to be legal tender. It was intended to cover whatever was receivable and current by law as money, whether in the form of notes or coin. Thus construed, we do not think the negotiability of the paper in question was impaired by the insertion of those words." This also is the doctrine of the court of appeals

of New York (*Pardee v. Fish*, 60 N. Y., 265); and the supreme court of Illinois has held that a check so drawn entitles the holder to demand coin or its equivalent. (*Galena Ins. Co. v. Kupfer*, 28 Ill., 332.) We are satisfied with the reasoning of these cases as against the contrary authorities, and therefore hold that a provision for payment in current funds is in effect for payment in money, and that such an instrument, if having the other requisites, is negotiable.

It is also contended that the negotiability of the instrument was destroyed by uncertainty of amount arising from the provision that it should draw interest at six per cent if left six months, but no interest after six months. In *Lamb v. Story*, 45 Mich., 488, it was held that the negotiability of a note payable on or before two years from date was destroyed by a memorandum attached, providing that if paid within one year there should be no interest, and that case is cited by Mr. Daniel in support of a similar statement and is the only authority cited. We are not satisfied with that doctrine. In *Hope v. Barker*, 112 Mo., 338, the provision was "without interest thereon if paid at maturity; if not paid at maturity, to bear interest from date." It was held that that provision did not destroy the negotiability of the note, the note on its face showing what should be paid at any particular time and being therefore certain in its terms. The circuit court of appeals for the sixth circuit has recently held that a provision for interest after maturity and attorney's fees did not render a bill non-negotiable, saying: "It is intended to be a circulating medium until maturity. For this purpose every purchaser must know exactly what will be or ought to be paid on it at maturity. It only has currency upon the hypothesis that it is to be paid at that time. If the sum then to be paid is fixed and certain, we do not see why that is not sufficient." We think the same reasoning applies here. Every purchaser has upon the face of the note evidence of the exact amount

to be paid.   If he takes it within six months, he knows that the amount to be paid, if presented within that period, is the face of the certificate without interest; that if presented at the end of six months, or at any subsequent time, the amount is the face of the certificate with interest for six months at the rate of six per cent.   Nothing could be more certain or more absolute.

When did the certificate become due so as to charge a purchaser with notice of equities?   There could be no doubt that if the certificate had provided simply for payment upon presentment properly indorsed, it would be in effect a promissory note payable on demand and would be overdue, so as to charge a purchaser with notice, at the latest after the lapse of a reasonable time for presentment. (Daniel, Negotiable Instruments, 783.)   But the terms of this instrument are different.   It was to draw interest if left six months, but in no event to draw interest after six months.   In *First Nat. Bank v. Security Nat. Bank, supra,* an instrument payable upon the return of the certificate properly indorsed, but bearing across its face the language, "This certificate payable three months after date with six per cent interest per annum for the time specified," was held to be payable three months after date. There the language was absolute and the construction given was undoubtedly correct.   We should here follow the rule adopted in that case and so construe the certificate as to give effect to every part.   It would seem that the result would be to reach an analogy to instruments payable "on or before" a certain date, which are due at the expiration of the time so fixed and not before. (*Mattison v. Marks,* 31 Mich., 421; Daniel, Negotiable Instruments, sec. 43.)   Surely a purchaser reading this certificate within six months from its date, observing that if presented before the expiration of six months it would draw no interest, but if presented at the end of that period would bear interest, would be justified in presuming that it had not

been presented.  Equally certain it is that seeing it after
the expiration of six months and observing by its terms
that it could draw no interest thenceforth forever, he would
be put upon inquiry to ascertain why it had not been pre-
sented when interest ceased.  We think the instrument
should be treated, so far as ascertaining the rights of pur-
chasers, as one payable on or before six months after date;
or if not that, then, from the peculiar nature of the con-
tract, six months after date should be treated as the reason-
able time within which it should be presented, and a pur-
chaser taking it within that period should be considered as
a purchaser before maturity.  Adopting, then, the con-
clusions we have outlined, this was a negotiable instrument
which a *bona fide* purchaser for value within six months
from its date would be entitled to enforce against the de-
fendant.

Recurring now to the judgment it will be seen that the
only finding upon the issues was " that there is due to the
plaintiff from the defendant upon the cause of action set
out in her said petition the sum of $3,090."  Does this
finding support the judgment rendered ?  In several cases
the general doctrine has been announced that a finding
need be no more specific than the verdict of a jury upon
the same pleadings.  Upon this rule it has been held that
where a justice of the peace rendered judgment, saying,
"it was found by this court that the plaintiff have and
recover" a certain sum was sufficient; but the issue in
that case was practically the general issue upon a claim
and counter-claim. (*Ransdell v. Putnam*, 15 Neb., 642.)
In *Rhodes v. Thomas*, 31 Neb., 848, a justice ren-
dered a judgment as follows: "Court convenes and
defense proceeds with examination of witnesses, after
which case is argued by parties and submitted to the
court, with the following finding: October 17, 1888, after
hearing the evidence, it is therefore considered by me
that the plaintiff have and recover from the defendant the

sum of $69.15." This was held equivalent to a general finding; but the case rested largely upon the liberality with which records of a justice of the peace should be construed. In several cases similar judgments have been sustained as against collateral attacks, upon the ground that while they might be voidable they were not void. *Black v. Cabon*, 24 Neb., 248, is an example of this class of cases. Upon the other hand it has been several times held that in actions tried by the court there must be a general finding and, when requested by one of the parties, a special finding, and if this finding be vague, uncertain, or indefinite, it will not sustain a judgment when attacked directly. (*Sprick v. Washington County*, 3 Neb., 253; *Smith v. Silvis*, 8 Neb., 164; *Crossley v. Steele*, 13 Neb., 219; *Foster v. Devinney*, 28 Neb., 416.) Had the issue in this case been simply as to the amount of recovery, or had it been such that a finding of an amount due plaintiff from the defendant would logically cover the essential issues, we might treat it as sufficient to determine the case and authorize a judgment; but the most that can be claimed for the finding is that it determined the amount of the certificate and that it determined that the plaintiff remained the owner thereof. The determination of these issues were not sufficient to adjudicate the case. The plaintiff avers that she lost the certificate on or about the 6th of June, which would be after maturity, as we have construed the certificate. She also avers that she had never indorsed it. A determination of either of these facts in her favor would entitle her to an absolute judgment against the defendant without a requirement for indemnity. The defendant by its general denial put both facts in issue. If it were shown that she lost the certificate before it was due and that before its loss she had indorsed it so that it became payable to bearer, then payment could not be required except upon the giving of indemnity. We have not the evidence before us and the court did not find upon either of these issues. Upon their determination

the character of the judgment must depend.   There is, therefore, no finding sufficient to sustain that portion of the judgment requiring indemnity.   That portion of the judgment is reversed and the cause remanded for a new trial upon the issues relating to the defendant's claim for indemnity.

JUDGMENT ACCORDINGLY.

*L. W. Billingsley* and *R. J. Greene,* for plaintiff in error.

*Tibbets, Morey & Ferris, contra.*