# SECURITY STATE BANK, a Corporation v. STATE BANK OF BRANTFORD, NORTH DAKOTA.

## (154 N. W. 282.)

**Certified check — indorsement — bank — designation of — pleading — names of parties — demurrer.**

1. Where a check is certified, "Good when properly indorsed," and is presented for payment by the Security State Bank of Brantford, North Dakota, but is indorsed "Security State Bank," and an action is brought on such certificate by "Security State Bank, a corporation," and the complaint alleges that the plaintiff is a duly organized and authorized banking corporation, an objection is not raised by general demurrer which is based upon the .contention that there may have been other banks of the same name, and that the words, "of Brantford, North Dakota," should have been added to the indorsement and to the name of the plaintiff in the title to the action.

**Complaint — objection to — demurrer — indorsement of certified check — name — drawee — use of rubber stamp — signature.**

2. Where a check is certified, "Good when properly indorsed," and is presented for payment by the Security State Bank of Brantford, North Dakota, but is indorsed "Security State Bank," and an action is brought on such certificate by Security State Bank, a corporation, and the complaint alleges that the plaintiff is a duly organized and authorized banking corporation, an objection is not raised by a general demurrer that the indorsement was made by means of a rubber stamp, the complaint alleging that the check was properly indorsed by the plaintiff and presented to the defendant for payment, and also showing that the defendant was the drawee bank.

**Certified check — drawee — suit against — bank — protest fees — domestic checks — bills of exchange — complaint — demurrer.**

3. Where a suit is brought on a certified check against the drawee bank for an amount which covers protest fees as well as the amount of the check, the fact that protest fees are not authorized by statute on domestic checks and bills of exchange will not render the complaint vulnerable to a general demurrer.

Certified check — by drawee bank — makers — deposit by —sufficient to meet check — immaterial as to certifying bank.

4. Where a check is certified by the drawee bank it is immaterial whether the makers of the check had a deposit in the bank sufficient to meet the same or not in so far as the liability of the certifying bank is concerned.

Opinion filed September 16, 1915.

Appeal from the District Court of Eddy County; *Buttz,* J. Action to recover on certified check. Demurrer. Judgment for plaintiff overruling demurrer. Defendant appeals.

Affirmed.

Statement of facts by BRUCE, J.

The complaint in this case alleges that "the plaintiff now is, and during all the times hereinbefore mentioned has been, a corporation organized and existing under and by virtue of the laws of the state of North Dakota, and authorized to do business as a bank of discount and deposit at Brantford, North Dakota, that the defendant is also a bank of deposit; that at Brantford, North Dakota, between the 20th day of May, 1913, and the 17th day of June, 1913, the plaintiff bought and received in the due and regular course of business certain checks drawn upon defendant, and paid therefor the different sums specified on said checks, amounting in all to the sum of $300.60, of which checks the following are copies." Here follow copies of numerous checks drawn upon the defendant bank at Brantford, made payable to different parties and bearing various indorsements, and a number of which are indorsed by the last indorsee prior to the plaintiff bank in blank, one of which is indorsed by such last indorser, and one or two of which are indorsed payable to the order of any bank or banker. All of these checks are finally indorsed "Security State Bank," and below these indorsements appears the following: "6–10–13. 'Good,' when properly indorsed. P. A. Vanderkhoff, Asst. Cr." The complaint then alleges that "thereafter on the date stated in the indorsement on the said checks the defendant, by its duly authorized agent and assistant cashier, P. A. Vanderkhoff, in writing, accepted said checks to be good when properly indorsed; that said checks had been properly indorsed by the plaintiff and presented to said defendant for payment, and pay-

ment was refused; that the plaintiff is the owner and holder of said checks; that there is now due thereon the sum of $300.60, with interest thereon; that on the 18th day of June, 1913, the plaintiff caused said checks to be protested for nonpayment, and paid and expended for protest fees thereon the sum of $22.50, no part of which has been paid, wherefore the plaintiff demands judgment for the sum of $326.10," etc. To this a demurrer was interposed "on the grounds and for the reasons that upon the face of the complaint it affirmatively appears: (1) That the court has no jurisdiction of the subject-matter of the action; (2) that the complaint fails to state facts sufficient to constitute a cause of action."

This demurrer was overruled, and from the order overruling the demurrer this appeal is taken.

*Maddux & Rinker,* for appellant.

"Where the holder of an instrument payable to his order transfers it for value, without indorsing it, the transferee acquires the right to have the indorsement of the transferrer." Comp. Laws 1913, § 6351.

"A person not a party to an instrument who places his signature thereon before delivery is liable as an indorser." Comp. Laws 1913, § 6366.

"An indorser is liable to all subsequent parties." Comp. Laws 1913, § 6366, subdiv. 1.

When the instrument is dishonored by nonpayment, an immediate right of recourse to all parties secondarily liable thereon accrues to the holder. Comp. Laws 1913, § 6386; National Bank v. Millard, 10 Wall. 152, 19 L. ed. 897; 5 Am. & Eng. Enc. Law, note p. 1062; Marine Bank v. Fulton County Bank, 2 Wall. 252, 17 L. ed. 785; Thompson v. Riggs, 5 Wall. 663, 18 L. ed. 704.

There is no foundation for an action on the part of the holder against the bank, unless there is a privity of contract between him and the bank. The bank owes no duty and is under no obligation to the holder. The holder takes the check on the credit of the drawer in the belief that he has funds in the bank to meet it. The bank did not contract with the holder of the check to pay it, at the time it was given, and owes him no duty until the check is accepted. Atty. Gen. v. Continental L. Ins. Co. 71 N. Y. 325, 27 Am. Rep. 55; Dickinson v. Coates, 79 Mo. 251, 49 Am. Rep. 228; Hopkinson v. Forster, L. R. 19 Eq. 74, 23 Week.

Rep. 301, 3 Eng. Rul. Cas. 755; Rosenthal v. Mastin Bank, 17 Blatchf. 322, Fed. Cas. No. 12,063; 2 Dan. Neg. Inst. 4th ed. ¶ 1639.

A qualified acceptance in express terms varies the effect of the bill or check. Comp. Laws 1913, § 6441.

In this case the certificate of the drawee bank, "good when properly indorsed," is but a qualified acceptance. A cashier by virtue of his office is authorized to collect checks in accordance with usage and custom. Rev. Codes 1905, §§ 6444, 6451, 6452, 6453, 6513, Comp. Laws 1913, §§ 7027, 7033a, 7034, 7035, 7095; 1 Michie, Banks & Bkg. p. 719, 720.

The indorsement must be in the full, complete name of the corporation, and no part of the corporate name can be omitted. It is of great moment that indorsements be so made. The checks might be forged and the bank of deposit pay them. In such case the bank of deposit can recover against the indorsers. First Nat. Bank v. Bank of Wyndmere, 15 N. D. 299, 10 L.R.A.(N.S.) 49, 125 Am. St. Rep. 588, 108 N. W. 546; Canadian Bank v. Bingham, 46 Wash. 657, 91 Pac. 185; National Bank v. National Mechanics' Bkg. Asso. 55 N. Y. 211, 14 Am. Rep. 232; Crocker-Woolworth Nat. Bank v. Nevada Bank, 139 Cal. 564, 63 L.R.A. 245, 96 Am. St. Rep. 169, 73 Pac. 456.

A corporation can only sue in the name and style given to it by law. Porter v. Nekervis, 4 Rand. (Va.) 359; 3 Thomp. Corp. 2d ed. p. 3181; Rev. Codes 1905, §§ 4637, 4639, subdiv. 1, 4, Comp. Laws 1913, §§ 5148, 5150.

*James A. Manley,* for respondent.

The acceptance of the checks by defendant, "good when properly indorsed," binds defendant to honor and pay them when so presented, and such is true in the case at bar.

Plaintiff's real and complete name is "Security State Bank," and its location or place of business is Brantford, North Dakota, and indorsement consists of the "signature of the indorser without additional words." Anderson's Law Dict. p. 681; Rev. Codes 1905, §§ 6333, 6493, Comp. Laws 1913, §§ 6916, 7075.

The acceptor of the checks engages that he will pay them according to the tenor of his acceptance, and admits the existence of the drawer, the genuineness of his signature, and his capacity and authority to draw them, and the existence of the payee, and his then capacity to

indorse. Rev. Codes 1905, § 6364, Comp. Laws 1913, § 6947; 5 Am. & Eng. Enc. Law, 2d ed. 1053; Robson v. Bennett, 2 Taunt. 389, 11 Revised Rep. 614; First Nat. Bank v. Currie, 147 Mich. 72, 9 L.R.A. (N.S.) 701, 118 Am. St. Rep. 537, 110 N. W. 499, 11 Ann. Cas. 241; Merchants' Nat. Bank v. State Nat. Bank, 10 Wall. 604, 19 L. ed. 1008.

Bruce, J. (after stating the facts as above). The first ground which is urged for a reversal by defendant and appellant is that the indorsement by the plaintiff bank was merely "Security State Bank," when the indorsement should have been "Security State Bank of Brantford, North Dakota." There is evidently no merit in this objection, at least on demurrer. The action is brought in the name of the Security State Bank; the complaint alleges that the plaintiff is a duly organized and authorized banking corporation, and, if it has any other name, such does not appear upon the face of the complaint, and the point could certainly not be raised by general demurrer.

The next objection is that the indorsement of the "Security State Bank was made by means of a rubber stamp." Whether this is true or not does not appear on the face of the complaint or in the record which is before us, and the sufficiency of the rubber stamp is therefore not presented to us. In addition to this fact is the fact that the complaint states that the checks were properly indorsed by the plaintiff and presented to the said defendant for payment, and the complaint also shows that the defendant was the drawee bank. "A 'proper indorsement' as used with reference to an indorsement on a negotiable instrument means such indorsement as the law merchant requires in order to authorize payment to the holder. If presented by the original payee no indorsement would be proper, or at least necessary. If presented by another, a proper indorsement to show such other's title would be requisite. Kirkwood v. First Nat. Bank, 40 Neb. 484, 24 L.R.A. 444, 42 Am. St. Rep. 683, 58 N. W. 1016, 1018." 6 Words & Phrases, 5691. There is no claim that the indorsements prior to that of the Security State Bank were in any way irregular, and the indorsement of such Security State Bank, under the circumstances of the case, was not necessary to show the title of the plaintiff or to the payment. The complaint shows an indorsement, "Security State Bank." The de-

murrer does not show or specify any defect in this indorsement. It is quite common for officers of corporations to affix their names to the signature of such corporations, and it would have been perfectly proper for the plaintiff to have indorsed the check, "Security State Bank, by ————— President or Cashier," etc., as the case might be. We know of no statute or common-law holding, however, which makes the name of an officer of such corporation necessary to the signature or indorsement of the corporation. As far as we can read the certificate of the defendant bank, it was that the check was good when properly indorsed. In other words, that it was accepted as regards the plaintiff and all subsequent transferees who should hold it by proper indorsement. There is nothing which would in any manner seem to question the regularity of the indorsements appearing thereon at the time of its presentment for certification. The defendant says in his brief that "the indorsements were made with a rubber stamp. The cashier of the State Bank refused to accept or pay the checks unless the Security State Bank would properly indorse them, which request was refused. The State Bank, drawee, then caused each check to be indorsed in these words, "good when properly indorsed." Whether this is true, or not, however, we do not know. We presume that a bank is not required to certify or to honor a check, and cannot be held liable by the payee or indorsees of such check for such refusal. National Bank v. Millard, 10 Wall. 152, 19 L. ed. 897; 5 Am. & Eng. Enc. Law, 1062. Not being compelled to certify a check, the defendant may certify them on any condition that it pleases, and no doubt in the case at bar could have refused to certify or pay the checks unless the indorsement of the Security State Bank was in writing, or at any rate accompanied by the signature of one of the officers thereof. This defense, however, is not raised by the demurrer. There is, as we said before, nothing in the demurrer about a rubber stamp, or concerning any refusal of the defendant to accept or pay the check unless some other indorsement was made.

We realize that the North Dakota statute provides that "the name assumed by such (banking) association shall not be the name of any other bank in the state." See subdivision 1, § 4637, Rev. Codes 1905, being subdivision 1 of § 5148 of the Compiled Laws of 1913. Even, however, if there were other banks in the state of the same name,

this fact would not protect the plaintiff bank from its liability on its indorsement, nor have we anything before us to show which of the numerous banks, if numerous banks there are of the same name, was first incorporated.

A claim is also made that protest fees are not authorized by statute on domestic checks or bills of exchange. This fact, however, if fact it be, does not render the complaint vulnerable on a general demurrer, but would only cut down the amount of the judgment. Defendant also contends that the complaint does not allege that the drawers of the various checks had sufficient credit in the defendant bank to cover the same. This allegation we believe to be unnecessary. The suit is brought upon the defendant bank's contract of acceptance, and if the acceptance was once made and regular, in other words, if the checks were properly certified, it is immaterial whether the drawers thereof had deposits or not. First Nat. Bank v. Currie, 147 Mich. 72, 9 L.R.A.(N.S.) 701, 118 Am. St. Rep. 537, 110 N. W. 499, 11 Ann. Cas. 241.

The judgment of the District Court is affirmed.

*Maddux & Rinker* for appellant.

*James A. Manley* for respondent.

