McCready, Appellant, *v.* The Farmers Bank of Ashland, Ohio, Appellee.

(Decided March 25, 1938.)

*Mr. Howard S. Lutz,* for appellant.
*Mr. R. C. McCoy,* for appellee.

Sherick, J.  Plaintiff; Earl McCready, in an action at law, averred the deposit of a sum of money with the appellee bank on July 19, 1937, and in acknowledgment thereof he received a certificate of deposit which recited that it was ''payable to the order of self on the return of this certificate properly endorsed''; that two days thereafter the certificate was stolen by an unidentified party, and its present whereabouts is unknown; that the bank was promptly notified thereof; that the certificate had not been endorsed by him and he had not negotiated it.  Plaintiff further pleaded that on several occasions he demanded payment which the bank refused because of plaintiff's failure to de-

liver to it an indemnifying bond. This petition was filed December 14, 1937.

The petition was demurred to upon the ground that it did not state a cause of action. The demurrer having been sustained, and the plaintiff not desiring to plead further, judgment was entered against the depositor, from which he now appeals. The errors complained of are all predicated upon the claim that the judgment is contrary to law. The question made is, therefore: Does the petition state a cause of action, or is it required by the law in such case that an indemnity bond be furnished?

It will be first stated, without citation of authority, which seems unnecessary, that such a certificate of deposit is a negotiable instrument, due upon demand. A demand had not been made thereon before the instrument was lost. It therefore was lost before it was due. It follows that this is not a case of lost or destroyed non-negotiable paper. Neither does it present a situation of an endorsed negotiable instrument lost before or after its due date.

The appellee bank, upon the hypothesis that the giving of an indemnifying bond is indispensable, asserts the action to be one in equity for the reason that a law court is without authority to require indemnity as a prerequisite to judgment. This, of course, was an early doctrine of equity evolved to protect the legal owners of lost or destroyed paper who were unable to make presentment thereof when payment was demanded. Courts of law then considered that they had no such authority. The modern view, however, is to the contrary; for, as in this state, our courts are now vested with jurisdiction both at law and in equity. In *First National Bank of Denver* v. *Wilder,* 104 F., 187, 43 C. C. A., 461, it is said:

"Whether such an action be brought on the law or equity side, the court has the same opportunity to determine accurately whether, in view of all the circum-

stances attending the loss, the case is one in which the defendant would be subjected to a risk of loss or expense if compelled to pay the lost instrument, and the same opportunity to determine the amount of indemnity, if any, which should be exacted. * * *  Conceding, then, that the practice of requiring indemnity in suits upon lost negotiable instruments originated with courts of chancery, which were the first to recognize a right of recovery on lost instruments, no substantial reason can be assigned at present why a court of law should not adopt the practice, and exact indemnity under the same circumstances where a court of equity would exact it."

In *Hill* v. *Barney*, 18 N. H., 607, it is pointed out that there is in such case no known holder of the instrument who could be made a party to the suit whose claim therein or thereto could be settled in the same action. The court aptly remarks, that:

"If it be said that the court of law has no power to decree that the plaintiff shall file a bond of indemnity, the answer is that such court can stay proceedings until it is filed, or it appears that it is not necessary for the security of the defendant."

This court is therefore of the opinion that it is of little or no moment whether the action be one at law or a suit in equity. Both courts can and do grant adequate relief, if indemnity is properly demandable. Justice and unassailable logic have prompted courts of law in many instances to adopt and dispense equitable relief. To persist in a strict adherence to some of the inflexible absurdities of the common law is to disregard all reason and progress and to court censure and contempt.

We would now revert to an analysis of the principal question. If this controversy presented a case wherein the instrument sued upon was conceded to have been destroyed, as distinguished from one that was merely lost, or a case of lost non-negotiable paper, or

a case of an unendorsed instrument payable to bearer or order, lost after due date, this court would perhaps quickly reach a conclusion that an indemnifying bond should not be required for the reason, in the first instance, that the destroyed instrument could never again come into being to confront the drawer bank. In the second and third instances a like rule should prevail, for the reason that any subsequent holder thereof would possess the paper subject to all existing equities which the drawer might have. Payment in such cases would be a conclusive defense in equity.

In the case of negotiable paper payable to order or bearer, lost before due date, as is the situation confronting us, a difficulty is encountered in that the fact of payment might not be a conclusive answer or defense to a subsequent demand for payment; for there will exist for a period of time, that might be classed as reasonable, the possibility that the paper might have been endorsed or negotiated before it was lost and before it was due, in which case the subsequent holder would be a holder in due course, to whom the drawer would be liable. If the paper was negotiable by delivery it is clear that such might easily transpire. It is urged that this can not be true of unendorsed order paper. It is said that such an instrument could only be given the appearance of a properly negotiated paper by means of a forged endorsement, which would make it impossible for it thereafter to appear in the hands of a holder in due course. There is hardly any question but that these assertions are true. But, be that fact as it may, it does not follow that the possibility of the instrument's reappearance, properly negotiated, in the hands of a holder in due course, could or might not come to pass. The affirmation advanced can not, within a reasonable period of time, and the interval herein is not as yet unreasonable, afford the bank positive security against a future presentation and demand.

Some courts have considered at length the nature of the relationship between the drawer and drawee of a certificate of deposit. To this court it seems clear that it is a relationship of debtor and creditor. Both derive a profit therefrom in the safe keeping and use of the funds. The parties made a contract and stipulated what the law implied. It appears to this court, however, that the terms of the instrument go a bit further and create a condition to payment dependent upon presentation and demand. We understand the rule to be in the construction of contracts that, where parties clearly stipulate what the law would imply, there is no necessity of resort to implication. In *Welton* v. *Adams & Co.*, 4 Cal., 37, 60 Am. Dec., 579, it is reasoned:

"But, when we reflect upon the uncertainty and fallibility of human testimony, it looks unjust to force the risk of its reappearance upon a party totally innocent of fault, and who has not bargained with a view to any mischance which may, in the future, result to his injury. I think that there never can be, to him, that assurance of the loss or destruction of the paper, as should force him, against his will, to take the peril, either of defending an action thereafter, or of repaying the amount. The negligence or misfortune of the holder ought not to give him the right of casting such a burthen upon the maker."

Surely it is soundly reasoned that if a possibility of double liability exists, the burden should not be cast upon the bank to bear the onus of that for which it did not contract and which the depositor, by his negligence, carelessness or misfortune, made possible. It is suggested that certain states, notably New York, have enacted statutes requiring the giving of a bond of indemnity. These enactments are indicative of the soundness and justness of that reasoning. This rule of fairness was early approved of in Ohio, in *Thayer* v. *King*, 15 Ohio, 242, 45 Am. Dec., 571. In this case

notes due the day of their execution were subsequently endorsed and thereafter lost. The syllabus of the case is in conformity to the reasoning thereof, and reads:

"An action will lie, at the suit of the owner of negotiable paper which has been lost after it fell due, at law; but if lost before due, the remedy is in chancery, where the owner can be required to indemnify the maker."

A like conclusion is to be found in *Lamson* v. *Pfaff*, 1 Handy, 449, 12 Dec. Rep., 231, and in *Baker* v. *Weaver*, 1 C. C., 397, 1 C. D., 222.

We have diligently perused the case of *Citizens' National Bank* v. *Brown*, 45 Ohio St., 39, 11 N. E., 799. This is a decision by a divided court, standing three to two. We recognize that the majority view is contra to this court's conclusion. We frankly acknowledge that we are captivated by the minority reasoning, which we feel at liberty to follow, in view of the fact as it appears on page 44 thereof, that the majority of the court in commenting on *Thayer* v. *King, supra*, states: "We find no adequate ground for now disturbing it."

7 American Jurisprudence, 357, Section 501, cites but one authority which conforms to the majority opinion in *Bank* v. *Brown, supra*. This is the case of *Kirkwood* v. *First National Bank*, 40 Neb., 484, 58 N. W., 1016, 42 Am. St. Rep., 683, 24 L. R. A., 444. Therein an action was brought upon a lost certificate of deposit which was "payable to the order of self." The second paragraph of the syllabus, in view of this fact, is confusing in that it recites that "where an instrument negotiable by delivery is lost before maturity" a bond is properly requirable; but where the instrument is payable "to order, and not endorsed, or that it was lost after maturity, no indemnity should generally be required." Examining further the last paragraph of the opinion we find it held that the instrument was

averred to be lost "after maturity, as we have construed the certificate." It was averred by plaintiff that she had never endorsed the certificate. The court held that upon either ground a bond was not requirable. We think this judgment was clearly sustainable upon the fact that the instrument was lost after due date; and the fact that the instrument had not been endorsed was but an incident descriptive of the paper, for the reason that it could not have been negotiated after due date so as to free it of the equities which the drawer might have had against a subsequent holder who could not have been a holder in due course.

It is the judgment of this court that the trial court was right in its conclusion that a bond indemnifying the bank was demandable in this action. Such is manifest by the court's act in sustaining the demurrer to the petition. In view, however, of the conclusion herein reached, in that a court of law may require adequate and sufficient indemnity for the drawer's security, we are reluctantly compelled to reverse the trial court's judgment and remand the cause for further proceeding in accordance with the judgment of this court as is herein expressed.

*Judgment reversed and cause remanded.*

Montgomery, P. J., and Lemert, J., concur.